PEOPLE v YARGER

Docket No. 114287. Submitted January 8, 1992, at Lansing. Decided April 6, 1992, at 10:30 A.M. Leave to appeal denied, 440 Mich –.

Joseph T. Yarger was convicted by a jury in the Midland Circuit Court, Paul J. Clulo, J., of third-degree criminal sexual conduct. He then pleaded guilty of being an habitual offender, second-offense, and was sentenced to a term of eight to fifteen years' imprisonment. He appealed.

The Court of Appeals *held:*

1. The information properly charged the defendant with only one act of sexual penetration.

2. The complainant's testimony would have supported two separate convictions of third-degree criminal sexual conduct, each based on a separate sexual penetration. The jury instructions allowed the jury to convict the defendant of the single sexual penetration charged if it believed that the evidence proved either penetration, or both, beyond a reasonable doubt. Error requiring reversal occurred when the jury was not instructed that it must unanimously agree which act, or acts, was proven beyond a reasonable doubt. Therefore, it is impossible to discern of which act of penetration the defendant was found guilty.

3. The trial court did not abuse its discretion in allowing evidence regarding two allegedly false prior accusations of rape by the complainant and in disallowing evidence regarding two other incidents for which there was insufficient evidence to show that the accusations were false.

4. The defendant was not denied a fair trial by the admission of evidence of certain prior bad acts.

5. The prosecutor's cross-examination of the defendant's wife with regard to a subject that the prosecutor erroneously believed had been raised during the direct examination of the witness was an honest mistake that did not deny the defendant a fair trial.

Reversed.

REFERENCES

Am Jur 2d, Rape § 106.

See the Index to Annotations under Instructions to Jury; Rape.

Rape — Third-Degree Criminal Sexual Conduct — Jury Instructions — Unanimous Verdicts.

A jury, in a prosecution of third-degree criminal sexual conduct involving evidence of multiple sexual penetration, must be instructed that it must unanimously agree which act was proven beyond a reasonable doubt; unless waived, a defendant's right to a jury trial includes the right to a unanimous verdict.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Norman W. Donker,* Prosecuting Attorney, and *J. Dee Brooks* and *Stephen E. Durance,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.,* Chief Deputy Director, and *Penny R. Beardslee,* Special Assistant Defender), for the defendant on appeal.

Before: Sullivan, P.J., and Wahls and J. W. Fitzgerald,* JJ.

Wahls, J. Defendant was convicted by a jury of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), and pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was later sentenced to a term of eight to fifteen years' imprisonment, and now brings this appeal as of right. Of the numerous allegations of error that defendant argues on appeal, we find that one is meritorious and requires that his conviction be reversed.

I

Defendant was charged in a single-count information that alleged, in part, that defendant, "on

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

or about between September 23rd and October 22nd, 1985 . . . did engage in sexual penetration with another person, to-wit: [the complainant], age 15 years, said person being at least 13 years of age, but under 16 years of age contrary to the law." The complainant was a friend of defendant's daughter, Sally, and had developed an intimate relationship with him. At trial, which was essentially a contest of credibility, Sally recounted two incidents involving the complainant and defendant that occurred before the charged conduct and involved kissing and touching. The complainant testified that, one night in the fall of 1985, she had consensually performed fellatio on defendant at his family's home, after which defendant penetrated her vagina with his penis. The complainant's testimony regarding the second penetration was somewhat contradictory to her testimony at the preliminary examination, at which she had stated that she and defendant "had intercourse," but that "nothing went inside" her and that defendant placed his penis "by" her vagina. Defendant impeached the complainant with this prior testimony, and also with evidence of prior false accusations of rape and her earlier denials that any impropriety had occurred between them. Defendant denied that any act of sexual penetration had ever occurred.

The jury was given the following instructions regarding the first element of the offense and the need for a unanimous verdict:

> [*The Court*]: First, that the defendant engaged in a sexual act which involved some actual entry into the genital opening of the complainant's body. And in this case it is alleged that the sexual act was committed by the penetration into the complain-

ant's body, specifically, the defendant placing his penis into the vagina of the complainant.

The first element can also be met—and this is in either situation. The prosecution doesn't have to prove both of these. He only need prove one of these. The one I just indicated and, secondly, that the defendant engaged in an oral sexual act with the complainant, that is, the touching between the mouth of one party and sex organs of the other.[1] In this case, it's specifically alleged that the sexual act was the touching of the mouth of the complainant with the penis of the defendant.

So either of those two sexual acts, if you find them from the evidence beyond a reasonable doubt, would meet the first element under the statute.

\* \* \*

A verdict in a criminal case must be unanimous. In order to return a verdict, all 12 jurors must agree on that verdict.

\* \* \*

There are two possible verdicts in this case. There is one criminal charge. The criminal charge is criminal sexual conduct in the third degree, and the possible verdicts are guilty of criminal sexual conduct or not guilty.

After the jury began its deliberations, it requested further instructions regarding the definition of reasonable doubt. The additional instructions were given, and the jury resumed its deliberations. Defendant was subsequently found guilty of third-degree criminal sexual conduct. Although the jury was polled, the jurors were not asked to state which act(s) they believed was proven beyond a reasonable doubt.

---

[1] The instruction's reference to "touching" is erroneous in light of our Supreme Court's order in *People v Johnson*, 432 Mich 931; 442 NW2d 625 (1989). The error, however, was harmless given the nature of the act described by the complainant and defendant's denial of any type of penetration.

II

Defendant first claims that the information improperly charged him with only one act of sexual penetration. We disagree. The information comported with the evidence brought out at the preliminary examination. *People v Stricklin,* 162 Mich App 623, 633; 413 NW2d 457 (1987). Defendant did not request that the trial court amend the information after the prosecutor's proofs or request that an appropriate jury instruction be given. *Id.* This argument is therefore not preserved for appellate review, *People v Charles Wilson,* 27 Mich App 171, 174; 183 NW2d 368 (1970), and, in any event, the alleged error did not prevent defendant from defending against a second act of penetration, *Stricklin, supra.*

Defendant's second argument is more troubling, however. Defendant also claims that the jury instructions that were given suggest the possibility that his conviction was not the result of a unanimous jury verdict. We agree. Although defendant failed to object to the jury instructions, we may still review this argument if our failure to do so would result in manifest injustice. *People v Crawford,* 187 Mich App 344, 352; 467 NW2d 818 (1991). We agree with defendant that, in light of the quantum and nature of the evidence produced against him, there is at least a possibility that manifest injustice would result if we declined to review this argument.

The complainant's trial testimony, if accepted as true, would have supported two separate convictions of third-degree criminal sexual conduct, each based on a separate sexual penetration. See *People v Dowdy,* 148 Mich App 517; 384 NW2d 820 (1986). The jury instructions allowed the jury to convict defendant on the single sexual penetration

charged if it believed that the evidence proved either penetration, or both, beyond a reasonable doubt. While we find nothing objectionable in the instruction itself, because only a single count of third-degree criminal sexual conduct was submitted to the jury, error occurred when the jury was not instructed that it must unanimously agree on *which* act(s) was proven beyond a reasonable doubt. In other words, a possibility exists that, for example, six jurors were convinced that fellatio had occurred, but not intercourse, while the other six jurors held the opposite view.

Unless waived by a defendant, the right to a jury trial includes the right to a unanimous verdict. *People v Burden,* 395 Mich 462, 468; 236 NW2d 505 (1975) (opinion by KAVANAGH, C.J.); *People v Miller,* 121 Mich App 691; 329 NW2d 460 (1982). In this case, we find it impossible to discern of which act of penetration defendant was found guilty. This problem has been previously alluded to in dicta by this Court. *People v Pottruff,* 116 Mich App 367, 375-376; 323 NW2d 402 (1982). See also *People v Jenness,* 5 Mich 305, 326-329 (1858), and *People v Thorp,* unpublished opinion per curiam of the Court of Appeals, decided March 7, 1991 (Docket No. 112554). We now conclude that the error requires that defendant's conviction be reversed. If this case is retried, defendant should either be charged with two separate counts of third-degree criminal sexual conduct or else an appropriate instruction should be given to the jury. Finally, *People v Johnson,* 187 Mich App 621; 468 NW2d 307 (1991), does not compel a contrary result. Unlike in *Johnson,* the proofs in this case do not involve a single offense that could be committed by alternative means, but rather two distinct offenses, each alleged to have been committed by an alternative method.

III

The trial court's decision regarding the admissibility of evidence of four allegedly false prior accusations of rape by the complainant was not an abuse of discretion. The trial court allowed into evidence two prior accusations in which the complainant had initially told the authorities that she had been molested by her cousin and her uncle, but had later recanted while under oath in a court proceeding. We agree with the trial court that defendant's offer of proof with regard to the two other incidents was insufficient to show that those accusations were false. *People v Hackett,* 421 Mich 338, 348-351; 365 NW2d 120 (1984); *People v Mikula,* 84 Mich App 108, 115-116; 269 NW2d 195 (1978). The bare facts that one of the subjects of an accusation was not bound over for trial and that no investigation was conducted in the other incident do not show that the accusations were false.

IV

Defendant also claims that he was denied a fair trial by the admission of evidence of numerous "prior bad acts." MRE 404(b). We disagree. Defendant had asked his daughter, Sally, on cross-examination if she had confronted him after she observed a touching incident between him and the complainant, to which Sally replied that she had not. Over defendant's objection, Sally testified on redirect examination that she had not done so because she was afraid that defendant would beat her. We agree with the trial court that this testimony was made relevant by defendant's cross-examination of Sally and served to more fully explain the testimony she had given earlier, and that

its probative value was not outweighed by its prejudicial effect. MRE 403; *People v Verburg,* 170 Mich App 490, 498-499; 430 NW2d 775 (1988). We also conclude that Sally's reference to her membership in "Daughters United," which is apparently a support group for victims of incest, did not deny defendant a fair trial. The reference to the group was not elicited by the prosecutor, but was volunteered, and the jury was not informed of the purpose of the group. We agree with the trial court that a curative instruction would have placed undue emphasis on the remark.

Defendant's remaining claims of error under MRE 404(b) are not preserved for appellate review. Defendant failed to object to testimony that he had married his wife when she was fifteen years of age, and also failed to object to testimony regarding an incident that occurred between defendant and the complainant after the time of the charged conduct. MRE 103(a)(1). Defendant stipulated the admission of testimony regarding the touching and kissing incidents that occurred before the charged conduct and, in any event, this testimony appears to have been correctly admitted. *People v Dermartzex,* 390 Mich 410; 213 NW2d 97 (1973).[2]

V

Of defendant's several claimed instances of prosecutorial misconduct, only one is preserved for

---

[2] "Most men would say: It is not thus instantaneously that female modesty is overcome, but by more gradual approaches; by a long continued and more artful excitement of the passions, especially in a case like this, where the man was her own uncle, and the relationship would naturally excite horror and disgust at the idea of such intercourse, until the mind had become familiarized with such ideas, and reason habitually yielded to the control of passion." *Jenness, supra* at 324.

appellate review.[3] During a break in the trial, defendant objected to the prosecutor's cross-examination of defendant's wife. Mrs. Yarger had been questioned with regard to her desire to have the complainant prepare a writing that exculpated defendant. The record shows that this matter was not inquired into during direct examination of Mrs. Yarger. After examining the record, we believe that the prosecutor's belief that the subject had been raised during direct examination was an honest mistake, and we do not believe that the mistake denied defendant a fair trial, the ultimate test for the review of alleged prosecutorial misconduct. *People v Guenther,* 188 Mich App 174, 181; 469 NW2d 59 (1991).

Reversed.

---

[3] In connection with these issues, defendant also claims that if his trial counsel's failure to object to the alleged misconduct results in an adverse determination of his claims by this Court, then he was denied effective assistance of counsel. We decline to review this argument because it is not identified in defendant's statement of questions. MCR 7.212(C)(4); *People v Wilkins,* 184 Mich App 443, 451, n 4; 459 NW2d 57 (1990).