PEOPLE v VAN DORSTEN

Docket No. 94454. Decided January 12, 1993. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the decision of the Court of Appeals and remanded the case to that Court for further proceedings.

Charles Van Dorsten was convicted by a jury in the Calhoun Circuit Court, James C. Kingsley, J., of first-degree criminal sexual conduct. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and SAWYER and NEFF, JJ., reversed in an unpublished opinion per curiam, and ordered a new trial (Docket No. 110013). Following retrial, the defendant was again found guilty of first-degree criminal sexual conduct. The Court of Appeals, SHEPHERD, P.J., and CONNOR and M. F. SAPALA, JJ., reversed in an unpublished opinion per curiam on the ground that the jury was not instructed that in order to convict it must unanimously agree on a specific criminal act (Docket No. 125510). The people seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

There was no manifest injustice in failing to instruct the jury that in order to convict it must unanimously agree on a specific criminal act. No request for such an instruction was made, and no objection to the instructions given was raised.

1. The number or specific identification of acts of sexual penetration was not in dispute in this case; the defendant merely argued that no sexual assault was committed. In this context, failure to give an instruction requiring unanimity on a particular act in no way impeded the defense or denied the defendant a fair trial, requiring reversal of the Court of Appeals judgment requiring a new trial on the basis of such a failure.

2. Remand to the Court of Appeals is required for further remand to the trial court for a hearing on the issue of spousal privilege and subsequent review by the Court of Appeals.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Conrad J. Sindt,* Pros-

ecuting Attorney, and *Ronald S. Pichlik,* Assistant Prosecuting Attorney, for the people.

*J. Richard Colbeck* for the defendant.

PER CURIAM. The Court of Appeals reversed the defendant's first-degree criminal sexual conduct conviction because the jury was not instructed that in order to convict it must unanimously agree on a specific criminal act. There was no request for such an instruction, nor was there an objection to the instructions given. We conclude that, in the circumstances of this case, there was no manifest injustice in failing to give such an instruction, and we remand the case to the circuit court for further proceedings in accordance with the remainder of the Court of Appeals opinion.

I

On the evening of August 9, 1983, following an altercation at a Battle Creek bar, complainant requested a ride from defendant Van Dorsten and Terry Doyle. However, Van Dorsten and Ms. Doyle thought the complainant had stolen some of Ms. Doyle's jewelry and that a friend of the complainant's had struck Ms. Doyle's dog with a pool cue. Instead of taking her home, they drove the complainant to a garage where Ms. Doyle beat her. They then drove to a wooded area where, according to the complainant, she was sexually assaulted. She testified that the defendant threatened her with a knife and committed five separate acts of sexual penetration.

Defendant was charged with a single count of first-degree criminal sexual conduct.[1]

The case was tried twice. In the first trial,

---

[1] MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

defendant and Ms. Doyle were found guilty of first-degree csc, and defendant was sentenced to forty to sixty years in prison. However, on appeal, the Court of Appeals reversed and ordered a new trial.[2]

The case was then retried in December 1989, this time with Ms. Doyle agreeing to testify for the prosecution.[3] Doyle basically corroborated the complainant's version of the events. Defendant testified on his own behalf, admitting that Doyle had beaten the complainant, but denying having committed any sexual assaults. The jury found the defendant guilty of first-degree csc, and again he received a forty- to sixty-year prison sentence.

## II

On appeal, the Court of Appeals again reversed in an unpublished per curiam opinion dated July 15, 1992.[4] The Court noted that defendant was charged with a single count, but the complainant testified to multiple penetrations. The trial court had instructed the jury in general terms that its verdict must be unanimous. Defendant did not object to the instruction given and made no request for a further instruction concerning unanimity with respect to a particular penetration. The Court of Appeals found error requiring reversal, relying on *People v Yarger,* 193 Mich App 532; 485 NW2d 119 (1992):

[2] The basis of the reversal was that the defendant had not been given the opportunity to eliminate himself as the source of sperm found on the complainant's underpants by presenting evidence that he could not produce sperm. *People v Van Dorsten,* unpublished per curiam opinion of the Court of Appeals, decided July 20, 1989 (Docket No. 110013).

[3] She entered into a plea bargain under which she would plead guilty to third-degree criminal sexual conduct, with a sentence agreement of five to fifteen years in prison.

[4] Docket No. 125510.

We find *People v Yarger,* 193 Mich App 532; 485 NW2d 119 (1992), lv [den 440 Mich 872 (1992)], to control this issue. Each act of penetration was a separate crime. *People v Robinson,* 80 Mich App 559, 566; 264 NW2d 58 (1978), lv den 407 Mich 860 (1979). In *Yarger, supra,* this Court held that when a defendant is charged with one criminal act and there is evidence presented of more than one such act, it is error not to instruct the jury that a guilty verdict must be based on a specific single act. The *Yarger* panel stated that "error occurred when the jury was not instructed that it must unanimously agree on *which* act(s) was proven beyond a reasonable doubt." Otherwise, the possibility could exist that, "for example, six jurors were convinced that fellatio had occurred, but not intercourse, while the other six jurors held the opposite view." *Id.* [at 537]. Because the error results in manifest injustice, defendant's failure to object does not preclude appellate review. *Id.*

We therefore reverse defendant's conviction. If retried, defendant should either be charged with a separate count of criminal sexual conduct for each act of penetration or the jurors should be appropriately instructed that to find defendant guilty they must unanimously agree on which act of penetration was established beyond a reasonable doubt.[5]

[5] The Court of Appeals also ruled on several other issues. Initially, it found that the trial court did not err in refusing to dismiss the case because of destruction of evidence through police negligence.

It then noted two other issues, which it discussed because of their likely recurrence at a retrial. First, defendant complained that it was improper to base a verdict on acts of penetration that were not established at the preliminary examination. The Court of Appeals said that on remand the defendant should either be given a preliminary examination regarding acts of penetration not asserted at the prior examination, or that on retrial the jury should be instructed that it could only base its verdict on the three acts of penetration that were established at the prior examination.

Second, the defendant had objected to the testimony of Terry Doyle, claiming that he and Ms. Doyle were married. The Court of Appeals explained:

Defendant and Doyle had obtained a marriage license and

The prosecutor has filed an application for leave to appeal.

### III

A number of courts have discussed the question whether a jury must be instructed that its verdict must be unanimous with respect to a particular act or theory where there are several that might support conviction of the offense. E.g., *Schad v Arizona,* 501 US —; 111 S Ct 2491; 115 L Ed 2d 555 (1991); *Vitello v United States,* 425 F2d 416 (CA 9, 1970); *People v Paintman,* 92 Mich App 412, 418; 285 NW2d 206 (1979), rev'd on other grounds 412 Mich 518; 315 NW2d 418 (1982), cert den 456 US 995 (1982); *People v Johnson,* 187 Mich App 621; 468 NW2d 307 (1991); *People v Yarger, supra.* However, we find no need to reach that issue in the instant case. As noted, the defendant did not raise the issue in the trial court by requesting an instruction on a requirement of unanimity with regard to a particular act. Nor did he object to the judge's instructions on that basis. As we explained in *People v Kelly,* 423 Mich 261, 271-272; 378 NW2d 365 (1985):

> This Court has stated that "instructional error should not be considered on appeal unless the

went through a wedding ceremony in Arizona in 1985. The trial court found Doyle's and defendant's marriage to have been void because they had used aliases on the marriage license.

Arizona recognizes the common-law right to change one's name without legal formality so long as there is no improper intent. *Laks v Laks,* 25 Ariz App 58; 540 P2d 1277 (1975). For this reason we cannot agree with the trial court that the names used necessarily negated the validity of the marriage. On remand the trial court should conduct an evidentiary hearing on this issue and make specific findings regarding defendant's first marriage, his claimed divorce in 1981, and the marriage to Doyle in 1985. We note that the trial court can consider defendant's and Karen Van Dorsten's testimony at his first trial that they were still married in 1983 and 1987. MRE 104.

issue has been preserved by an objection to the instruction in the trial court." *People v Handley,* 415 Mich 356, 360; 329 NW2d 710 (1982). Relief will be granted absent an objection only in cases of manifest injustice. See, *e.g., People v Woods,* 416 Mich 581, 610; 331 NW2d 707 (1982); *People v Rand,* 397 Mich 638, 643; 247 NW2d 508 (1976); *People v Townes,* 391 Mich 578, 586; 218 NW2d 136 (1974). The United States Supreme Court has enunciated a similar test. It stated that "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v Kibbe,* 431 US 145, 154; 97 S Ct 1730; 52 L Ed 2d 203 (1976). Relief will be given only when necessary to avoid manifest injustice to the defendant.

We find no manifest injustice in this case.[6] The number or specific identification of acts of sexual penetration was not in dispute in this case. The defendant's position was simply that there was no sexual assault committed. It was obvious to the participants in the trial that the verdict turned on whether the jury believed the testimony of the complainant and Terry Doyle on the one hand, or found reasonable doubt that any sexual assault occurred, as claimed by the defendant. Given that posture of the case, there was no reason for the parties to focus on the specifics of individual penetrations. In this context, the failure to give an instruction requiring unanimity on a particular act in no way impeded the defense or denied the defendant a fair trial.

Accordingly, we reverse that portion of the Court of Appeals judgment that required a new trial because of the failure to give such an instruction.

---

[6] We express no opinion whether *People v Yarger, supra,* was correctly decided.

IV

As explained above,[7] the Court of Appeals also directed that at a new trial there should be an evidentiary hearing, with specific findings made regarding defendant's claim that he and Ms. Doyle were married, precluding her testimony under the spousal privilege statute.[8] This remedy must be modified in light of our reversal of the Court of Appeals decision on the instructional issue. We remand this case to the Court of Appeals, which, while retaining jurisdiction, shall remand the case to the Calhoun Circuit Court for a hearing on the spousal privilege issue, in accordance with the Court of Appeals opinion.[9] Following the hearing and findings by the circuit court, the Court of Appeals shall again review the issue.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

[7] See n 5.

[8] MCL 600.2162; MSA 27A.2162.

[9] The Court of Appeals shall enter an appropriate order regarding the times within which the hearing and other acts are to be performed, including provisions regarding supplemental briefing by the parties.