PEOPLE v VAN DORSTEN (AFTER REMAND)

Docket No. 162107. Submitted March 8, 1993, at Lansing. Decided November 1, 1993, at 9:25 A.M. Leave to appeal sought.

Charles Van Dorsten was convicted by a jury in the Calhoun Circuit Court, James C. Kingsley, J., of criminal sexual conduct in the first degree. Defendant appealed, claiming, among other things, that the trial court erred in allowing Terry Doyle to testify over his objection that Doyle was his wife within the meaning of the spousal privilege statute, MCL 600.2162; MSA 27A.2162. The Court of Appeals, SHEPHERD, P.J., and CONNOR and M. F. SAPALA, JJ., reversed on the basis that there had been an error in the jury instructions. Unpublished opinion per curiam, decided July 15, 1992 (Docket No. 125510). The Supreme Court reversed, finding that the asserted instructional error did not deny the defendant a fair trial, and remanded to the Court of Appeals with instructions that the case be remanded to the trial court for a hearing concerning the issue of spousal privilege. 441 Mich 540 (1993). Following a hearing on remand, the trial court found that the defendant had married Doyle in Arizona without first having obtained a valid divorce from the wife he had married in Michigan. After remand, the defendant contended that Doyle was his wife within the meaning of the spousal privilege statute because his bigamous marriage to Doyle was, under Arizona law, only voidable rather than void.

The Court of Appeals *held:*

The Michigan Legislature did not intend to extend spousal immunity to marriages repugnant to both the law of this state and the law of the state where the marriage occurred. Regardless of whether defendant's marriage to Doyle is void or merely voidable under Arizona law, it is illegal and cannot form the basis for the exercise of spousal privilege. The trial court correctly concluded that Doyle was not barred by spousal privilege from testifying.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon R. Sahli,* Prosecuting

Attorney, and *Ronald S. Pichlik,* Assistant Prosecuting Attorney, for the people.

*Kristina Larson Dunne,* for the defendant.

AFTER REMAND

Before: SHEPHERD, P.J., and MACKENZIE and CONNOR, JJ.

CONNOR, J. A jury convicted defendant of one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). The trial court sentenced him to prison for a term of forty to sixty years. Defendant appealed as of right. This Court reversed the conviction and remanded the case for a new trial. Unpublished opinion per curiam of the Court of Appeals, decided July 15, 1992 (Docket No. 125510). Our Supreme Court reversed this Court's decision and remanded the case to this Court with instructions to remand it to the trial court for an evidentiary hearing. *People v Van Dorsten,* 441 Mich 540; 494 NW2d 737 (1993). We did so, and we now affirm.

At issue is defendant's claim that the trial court erred in allowing Terry Doyle to testify. Defendant had argued that Doyle was his wife and so could not testify against him without his consent. See MCL 600.2162; MSA 27A.2162.

After the hearing on remand, the trial court found that defendant married Terry Doyle in Arizona in 1985 without having first obtained a valid divorce from his wife Karen, whom he had married in Michigan in 1963. We affirm these findings.

Defendant contends that even if he did not obtain a valid divorce, his bigamous marriage to Doyle still makes her his wife because under Ari-

zona law the marriage is voidable, not void. We disagree.

The question before us is whether, at the time she testified, Doyle was defendant's "wife" for the purposes of the statute at issue. The statute says that a "wife" cannot be examined as a witness for or against "her husband" without his consent. MCL 600.2162; MSA 27A.2162.

We believe that the term "wife" as used in the statute must be construed in accordance with the purpose the Legislature intended to address. We do not believe our Legislature intended to extend spousal immunity to marriages repugnant to both the law of this state and the law of the place where the marriage was entered into. Regardless of whether the marriage is void under Arizona law or merely voidable, it was illegal. Accordingly, the trial court properly decided that defendant did not have the right to prevent Doyle from testifying by asserting spousal privilege.

We have reviewed defendant's original claims of error, and find all to be without merit. Defendant had a right to a fair trial, not a perfect one, and that is what he has already received.

Affirmed.