PEOPLE v QUINN

PEOPLE v LESLIE

Docket Nos. 161152, 161236. Submitted June 12, 1996, at Grand Rapids. Decided October 25, 1996, at 9:10 A.M.

Floyd V. Quinn, Jr., and Kenneth D. Leslie were each convicted by a jury in the Barry Circuit Court, Richard M. Shuster, J., of one count of receiving or concealing stolen property with regard to certain blueprints and setup sheets. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held*:

1. The prosecution failed to prove that the blueprints were stolen or converted. The defendants may not be retried on charges alleging theft of the blueprints.

2. The evidence regarding the allegedly stolen blueprints and setup sheets, if accepted as true, would have supported separate convictions of receiving or concealing stolen property involving each item but would not support a finding of one single crime committed by alternative means. Because only one count was submitted to the jury, the defendants' right to a unanimous verdict was violated because it is possible that some jurors voted to convict the defendants only on the basis of the allegations regarding the blueprints and others voted to convict only on the basis of the allegations regarding the setup sheets.

3. Because the defendants may not be retried with regard to the theft of the blueprints, and because it is possible that the jury acquitted the defendants with regard to the theft of the setup sheets while convicting them with regard to the blueprints, retrial is also barred with regard to the charges regarding the setup sheets.

Reversed.

1. CRIMINAL LAW — RECEIVING STOLEN PROPERTY.

The elements of receiving or concealing stolen property are: that the property was stolen; the value of the property; the receiving, possession, or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; the identity of the property as being that previously stolen; and the

guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen (MCL 750.535; MSA 28.803).

2. CRIMINAL LAW — WORDS AND PHRASES — "CONVERSION."

"Conversion" is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another.

3. CRIMINAL LAW — RECEIVING OR CONCEALING STOLEN PROPERTY — RIGHT TO UNANIMOUS JURY VERDICT.

A defendant's right to a unanimous jury verdict is violated in a trial for receiving or concealing stolen property where the evidence, if accepted as true, would support separate convictions of receiving or concealing stolen property involving two separate items of property but not a finding of one single crime committed by alternative means and the defendant is convicted of a single count alleging the theft of both items and it is possible that some jurors voted to convict only on the basis of the allegations regarding one of the items while other jurors voted to convict only on the basis of the allegations regarding the other item.

4. CRIMINAL LAW — RECEIVING OR CONCEALING STOLEN PROPERTY — DOUBLE JEOPARDY — CONSTITUTIONAL LAW.

The double jeopardy prohibition prevents the retrial of a defendant convicted of a single count of receiving or concealing stolen property involving two separate items where the evidence, if accepted as true, would support a separate conviction involving each of the items but not a finding of a single crime committed by alternative means and the defendant may not be retried with regard to the theft of one of the items because the prosecution failed to prove that the item was stolen and it is possible that the jury acquitted the defendant with regard to the theft of the other item (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dale A. Crowley*, Prosecuting Attorney, and *Charles D. Hackney*, Assistant Attorney General, for the people.

*John A. Watts*, for the defendants.

Before: MARILYN KELLY, P.J., and NEFF and J. STEMPIEN,* JJ.

NEFF, J. In these consolidated appeals, defendants appeal as of right from their convictions of receiving or concealing stolen property in excess of $100. MCL 750.535; MSA 28.803. We reverse.

I

This case involves defendants' attempt to sell various blueprints for the manufacture of a machine that makes automobile parts, as well as their attempt to sell the corresponding "setup sheets,"[1] which they obtained approximately eight years after obtaining the blueprints. Although the prosecutor originally did not charge defendants with receiving or concealing the setup sheets, the trial court allowed the addition of this charge during trial. Only one count of receiving or concealing stolen property was submitted to the jury.

II

We first address defendants' argument that insufficient evidence existed to support a jury finding of guilt with regard to the stolen blueprints, and, therefore, they were denied their right to a unanimous jury verdict. We are persuaded by defendants' argument.

A

When reviewing a claim regarding the sufficiency of evidence, this Court views the evidence in the light

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Setup sheets are used by the operator of a machine for each particular part number. Setup sheets do not assist in the manufacturing of the machine itself, but in how to use it to manufacture particular parts.

most favorable to the prosecutor to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). A prosecutor need not negate every reasonable theory of innocence, but must prove his own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant provides. *People v Carson*, 189 Mich App 268, 269; 471 NW2d 655 (1991).

In order to succeed in its cases against defendants, the prosecutor had to prove the following elements beyond a reasonable doubt:

> "(1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen." [*People v Hooks*, 139 Mich App 92, 96; 360 NW2d 191 (1984), quoting *People v Matuja*, 77 Mich App 291, 295; 258 NW2d 79 (1977).]

1

Here, we conclude that the prosecutor wholly failed to prove that the blueprints were stolen. A prosecution witness, Richard Ziegler, worked with defendant Quinn and testified that he witnessed Quinn obtain permission from his supervisor, Charles Turnes, to take the blueprints home. Defendant Quinn also testified that he obtained the proper permission. Turnes testified that, although it would be unusual to grant such a pass, he could not remember whether he

granted Quinn permission to take the blueprints. Even in a light most favorable to the prosecution, we find this evidence to be insufficient to sustain a finding that the blueprints were stolen because Quinn's employer issued the type of pass in question for items its employees were allowed to keep, for example, scrap metal. Accordingly, once Quinn obtained the pass, the blueprints belonged to him.

2

We also disagree with the prosecutor's argument that even if Quinn had permission to take the blueprints, he did not have permission to sell them. According to the prosecutor, Quinn improperly "converted" the blueprints once they were in his possession, and, thus, the evidence supported the receiving or concealing charge.

We find the prosecutor's argument to misconstrue the nature of conversion. Black's Law Dictionary (6th ed), p 332, defines "conversion" as "[a]n unauthorized assumption and exercise of the right of ownership over goods or personal chattels *belonging to another*." (Emphasis added.) In other words, in order for conversion to take place, defendants must have possessed property belonging to another, i.e., their employer. As noted, the testimony failed to show that defendants wrongfully possessed the blueprints. Under the circumstances as established at trial, they could not have converted the blueprints. As a result, defendants cannot be found guilty of receiving or concealing the blueprints on the basis of a conversion theory.

B

The question remains, however, whether the fact that defendants cannot be convicted of receiving or concealing the blueprints affects the jury's verdict. We conclude that it does.

Defendants are entitled to a unanimous jury verdict. *People v Yarger*, 193 Mich App 532, 537; 485 NW2d 119 (1992). The evidence of the allegedly stolen blueprints and the allegedly stolen setup sheets would, if accepted as true, support two separate convictions of receiving or concealing stolen property in excess of $100, but would not support a finding of one single crime committed by alternative means. The blueprints were allegedly taken in the early 1980s, whereas the setup sheets were allegedly misappropriated in the early 1990s. Because only one count of receiving or concealing stolen goods was submitted to the jury, defendants' right to a unanimous jury verdict was violated. It is possible that some jurors voted to convict defendants on the basis of the allegations that they stole the blueprints while other jurors relied on the allegations that the defendants stole the setup sheets.

C

Having found the breach of an important right, we must now fashion an appropriate remedy. In *Yarger*, *supra* at 537, this Court determined that where either of the two separate charges could have been proved at trial, the case must be remanded to allow the prosecutor to retry the defendant on one charge, or both separately. Here, however, we have determined that insufficient evidence existed with regard to the theory

of guilt relating to the blueprints, so that issue may not be placed once again before a jury.

Because the jury's verdict does not indicate on which theory it convicted defendants, we conclude that double jeopardy concerns also prevent retrial regarding receiving or concealing the setup sheets. US Const, Am V; Const 1963, art 1, § 15. Only one count of receiving or concealing stolen property was submitted to the jurors. It is impossible, therefore, to determine whether the jurors acquitted defendants with regard to the blueprints and convicted with regard to the setup sheets, acquitted with regard to the setup sheets and convicted with regard to the blueprints, or any combination of the two. Thus, it is possible that defendants were acquitted with regard to the setup sheets.

Because of the latter possibility, and in order to protect defendants' right against successive prosecutions for the same offense, see *People v Northrop*, 213 Mich App 494, 497; 541 NW2d 275 (1995), we conclude that retrial is barred with regard to any of the issues relating to receiving or concealing either the blueprints or the setup sheets. To hold otherwise would be to allow potentially a direct violation of defendants' right against double jeopardy. This we will not do.

Reversed.