PEOPLE v GOMEZ

Docket No. 194432. Submitted November 5, 1997, at Lansing. Decided
    April 14, 1998, at 9:10 A.M.

Frederick A. Gomez was convicted by a jury in the Eaton Circuit
    Court, G. Michael Hocking, J., of felonious assault. The defendant
    appealed.

The Court of Appeals *held*:

1. The trial judge did not abuse his discretion in denying the
defendant's motion that the judge disqualify himself. The record
does not reflect a showing of actual bias or prejudice.

2. The trial court did not err in failing to give a jury instruction
regarding the defense of intoxication. Because the defendant did
not request the instruction and there was no basis for the instruc-
tion, there was no manifest injustice.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecuting Attorney, and *William M. Worden*, Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ralph C. Simpson* and *Sarah E. Hunter*), for the defendant on appeal.

Before: SAAD, P.J., and HOLBROOK, JR., and DOCTOROFF, JJ.

SAAD, P.J. Defendant raises two issues in his appeal as of right from his conviction of felonious assault, MCL 750.82; MSA 28.277. We affirm.

On July 1, 1995, the victim left the Barn Tavern in Grand Ledge and walked to the parking lot. While he was walking, he saw a car drive quickly out of an alleyway beside the bar and come to a screeching halt

in front of him. After a brief pause, the victim proceeded in front of the car until he heard a man's voice say something about the victim "shooting his mouth off." When the victim turned to address the driver, the victim was struck with "something hard" near his left eye and then was repeatedly bashed over the head. The victim was treated for a concussion, lacerations, and injuries to his facial bones, and he received twenty to twenty-five stitches. At the time of trial, the complainant's vision was still impaired.

Sergeant Don McGillis of the Grand Ledge Police Department, who had been in his vehicle at a gas station, saw the assailant's vehicle shortly before the assault began. McGillis watched the vehicle drive the wrong way through a bank drive-through-service lane and heard brakes screeching. Thinking the driver might be impaired, McGillis followed the car to the Barn Tavern where he watched the driver (later identified as defendant) approach the victim and begin hitting him over the head with an object. McGillis believed that the attack was unprovoked.

When McGillis arrested defendant, defendant told him that the victim had stolen his money. McGillis observed defendant following the arrest and testified that defendant was not slurring his words, stumbling, or falling down. McGillis smelled alcohol on defendant, but did not believe that defendant was "heavily intoxicated." McGillis did not administer a Breathalyzer or blood test to determine whether defendant was intoxicated.

During the pretrial phase of this matter, defendant moved to proceed in propria persona, after having two attorneys appointed and withdraw from his representation. A third attorney was appointed as "stand

by" counsel to assist defendant at trial. Defendant's motion to disqualify the trial judge was denied. The jury ultimately convicted defendant of felonious assault.

I

Defendant contends that the trial judge abused his discretion in denying defendant's motion that the judge disqualify himself. According to defendant, disqualification was required pursuant to MCR 2.003(B) because the trial judge repeatedly demonstrated that he was personally biased against defendant, who elected to proceed (at times) without benefit of counsel. Defendant relies on several comments made by the trial judge, but after careful review of the entire record, we do not believe that he has met his burden of demonstrating that the comments evidence actual bias or prejudice against defendant, or that the trial judge abused his discretion in denying the motion. For example, the trial judge did refer to defendant on one occasion as "Mr. Pro Se." In addition, during the hearing regarding defendant's second appointed counsel's motion to withdraw, defendant complained that his attorney had failed to meet with him "to have some kind of defense" until approximately twelve days before trial was scheduled. The trial court responded, "Well, in some cases, sir, you have to understand that in some cases there is no defense." Even considering these (and other) comments, we do not believe that the record reflects a showing of actual bias or prejudice, as required by MCR 2.003(B)(1). See *Cain v Dep't of Corrections*, 451 Mich 470, 503; 548 NW2d 210 (1996). There is no error.

II

Defendant next argues that the trial court erred in failing to give an instruction regarding the defense of intoxication. We disagree. As a threshold matter, the record does not reveal that defendant requested an intoxication instruction or objected to the absence of such an instruction. (There is no record of the jury instruction conference that occurred in chambers, and no subsequent objection to the instructions as given.) A defendant cannot claim instructional error on appeal when he failed to request the instruction at trial. *People v Taylor*, 159 Mich App 468, 488; 406 NW2d 859 (1987); MCL 768.29; MSA 28.1052. We thus review this issue only to determine if there is manifest injustice. *People v Van Dorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993).

We find no manifest injustice in this case. An instruction regarding the defense of intoxication is proper only if the facts of the case would allow the jury to conclude that the defendant's intoxication was so great as to render him incapable of forming the requisite intent. *People v Mills*, 450 Mich 61; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). In *Mills*, the defendants were convicted of assault with intent to commit murder after dousing the victim with gasoline and lighting her on fire. Mills claimed that the trial court had erred in refusing his request for an instruction regarding intoxication. The Court noted that there was "some evidence that the defendants appeared intoxicated, but there was no testimony that Mills actually was intoxicated, or was intoxicated to the point at which he was incapable of forming the intent to commit the charged crime." *Mills, supra* at 82. There, two witnesses testified that the defendants

were "loud and obnoxious" and that the one who came into the gas station was "in a hurry, nervous, and appeared 'high.' " Yet the *trial* court observed:

"Under the circumstances, there is absolutely nothing on this record to substantiate the notion that Mr. Mills had consumed anything that night. People can appear one way to someone else when in actuality there is something else causing them to act the way they are being observed. Under the circumstances, I don't think the intoxication instruction is supported by anything that I've heard on this record . . . ." [*Id.* at 83.]

Immediately following this quote, the Supreme Court stated:

We agree. Other than appearing high or drunk, there is no indication on the record that defendant was drunk or high on drugs and was incapable of forming the intent to commit this crime. With evidence that Mills was able to grab Ms. Grauman by the right leg, and at the same time was able to dump or throw gasoline on her, we cannot find that Mr. Mills was intoxicated, or intoxicated to the point at which he was incapable of forming the intent to commit the crime. We hold that the trial court properly denied the request to instruct on this defense. [*Id.*]

Our issue is a closer one, but, as in *Mills*, we find no basis for an intoxication instruction. The law enforcement officer who witnessed the assault testified that defendant was driving erratically and this caused him to *suspect* that defendant might be driving under the influence. Yet, defendant had no trouble landing multiple blows on the victim—defendant was not flailing wildly or uncontrollably. When defendant was arrested, the officer did not believe that defendant was sufficiently under the influence to even test his alcohol level. The smell of alcohol that the officer

detected could have been minimal but certainly insufficient to demonstrate intoxication that rendered defendant incapable of forming the requisite intent. As in *Mills*, there was simply no evidence that defendant "actually was intoxicated, or was intoxicated to the point at which he was incapable of forming the intent to commit the charged crime." *Id.* at 82-83. The trial court's omission of an instruction regarding the defense of intoxication was not erroneous, and there is therefore no manifest injustice.

Affirmed.