# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DENNIS KRISTOFER THERRIAN,

Defendant-Appellant.

UNPUBLISHED
May 9, 2017

No. 331717
Eaton Circuit Court
LC No. 15-020274-FC

Before: GADOLA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (victim under 13/defendant 17 or older), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (victim under 13/defendant 17 or older).[1] He was sentenced to concurrent prison terms of 25 to 50 years for each CSC-I conviction and 10 to 15 years for his CSC-II conviction. Defendant's convictions stem from the sexual abuse of his biological son. We affirm.

Defendant raises an ineffective assistance of counsel claim predicated on several alleged errors. Defendant did not move for a *Ginther*[2] hearing or for new trial based on this claim before the trial court, so the issue is unpreserved. See *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005).[3] An ineffective assistance of counsel claim raises a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). This Court reviews a trial court's factual findings for clear error, and reviews a trial court's constitutional determinations de novo. *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859, amended on other grounds 481 Mich 1201 (2008). "Clear error exists when the reviewing court

---

[1] Defendant was acquitted of a fourth count of CSC-I, and the prosecution dismissed a second count of CSC-II before the case was submitted to the jury.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant did move in this Court to remand to the trial court for a *Ginther* hearing, which was denied. *People v Therrian*, unpublished order of the Court of Appeals, entered October 24, 2016 (Docket No. 331717).

-1-

is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993). "When no *Ginther* hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

To demonstrate that defense counsel was constitutionally ineffective, a defendant must establish (1) that counsel's performance fell below an objective standard of reasonableness and (2) that the defendant was prejudiced as a result of counsel's performance. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). A prejudice showing means that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.*, quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). There is a strong presumption that counsel rendered adequate assistance. *Vaughn*, 491 Mich at 670.

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses[,]" which means defenses that might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Counsel must conduct reasonable investigations or reasonably determine that a certain investigation is unnecessary. *Trakhtenberg*, 493 Mich at 52. "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013).

Defendant first claims that his trial counsel was ineffective for failing to call an expert witness to testify about reasons why children may falsely allege that they have experienced sexual abuse. Defendant has not met his burden of establishing the factual predicate for his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Specifically, he does not provide an affidavit indicating what a potential expert might have testified about. Instead, defendant cites an alleged example that an expert offered in "her affidavits submitted to a court."[4] What the affidavit pertained to, which court it was filed in, and any credentials that make this affiant stand out as an expert are absent from his discussion. The record is also devoid of any evidence either that defense counsel did not consult an expert or determined not to present expert testimony as a result of such a consultation.

Moreover, defendant does not show how any expert would explain that his cited examples from the trial testimony are indicative of fabricated allegations. Indeed, defendant suggests that an expert would say that children may lie due to a myriad of reasons, but he does not tie that assertion to the testimony in this case. A defendant may not leave it to this Court to

---

[4] Defendant provides no citation for the extended quote of the expert's supposed testimony. Cf. MCR 7.212(C) (directing that facts set forth in an appellate brief "must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court").

develop an argument for him. *People v Kevorkian*, 248 Mich App 373, 388-389; 639 NW2d 291 (2001).

In addition, defendant has failed to show that he was deprived of a substantial defense. The alleged expert testimony would go to a child victim's credibility, and trial counsel attempted to discredit the victim's allegations. For example, as defendant indicates, counsel elicited from the victim that despite claiming to have been inappropriately touched by defendant when visiting his paternal grandparents, he wanted to remain at his grandparents' home past the normal weekend visitation hours in order to spend more time with defendant. Counsel also elicited evidence that after the abuse occurred, and defendant moved out of the grandparents' home, the victim nevertheless visited his father at his new residence on multiple occasions. Counsel also questioned the victim's mother regarding a discrepancy in the length of time it took her to report the abuse after she learned about it, and the fact that she discussed resuming her relationship with defendant after the abuse occurred. In his closing argument, defense counsel argued that this evidence showed that defendant's son was fabricating the allegations.

Counsel may have reasonably calculated that presenting an expert to explain that children sometimes lie about sexual abuse was unnecessary and redundant. See *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999). Moreover, he could have reasonably determined that relying only on a searching cross-examination of plaintiff's witnesses was desirable because of the potential that an expert could give testimony supporting the allegations in the circumstances presented. For example, the cited expert opinion in defendant's brief on appeal speaks in terms of possibilities that a child might be lying or that the child is not purposefully lying, but his or her memory of an incident might be distorted by trauma or the influence of third parties.

Defendant also argues that his trial counsel should have impeached the victim's mother by discrediting her character for truthfulness. He claims that a Children's Protective Services worker could have testified that an anonymous caller repeatedly complained about defendant's parenting, but the worker investigated and found him to be an appropriate parent. Not only does defendant not provide any proof that the victim's mother was the anonymous caller, he also does not provide any proof that this actually happened. Again, defendant has failed to establish the factual predicate for his claim. See *Hoag*, 460 Mich at 6.

Defendant also cites to instances in which he claims the victim's mother falsely accused him of criminal behavior. The first is a criminal trial in which defendant was found not guilty of felonious assault and domestic violence. Although he was adjudicated not guilty, the verdict could have been based on factors other than any testimony provided by the victim's mother. Further, trial counsel may have made a reasonable strategic decision not to allow the jury to hear information that defendant was tried for assaulting the victim's mother when she was pregnant. We will not second guess counsel's strategic decisions with the benefit of hindsight. *Dunigan*, 299 Mich App at 589-590.

The second false allegation relates to testimony taken outside the jury's presence in which the victim's mother explained that she once accused defendant of stealing her prescription drugs, but no charges were ever brought against him. After the prosecutor presented a police report of the incident, defense counsel withdrew his request to inquire into the allegation. This

-3-

was not deficient performance because defendant "was not entitled to have the court conduct a trial within the trial" to determine whether the allegation was actually false. *People v Williams*, 191 Mich App 269, 274; 477 NW2d 877 (1991). Moreover, the fact that defendant was never charged with a crime does not establish that the allegation was false. See *People v Yarger*, 193 Mich App 532, 538; 485 NW2d 119 (1992), overruled on other grounds by *People v Cooks*, 446 Mich 503, 530; 521 NW2d 275 (1994) ("The bare facts that one of the subjects of an accusation was not bound over for trial and that no investigation was conducted in the other incident do not show that the accusations were false.").

Third, defendant has attached a document allegedly showing the criminal history of the victim's mother. He claims trial counsel should have used three of the mother's prior convictions to impeach her at trial. However, the two felony convictions referenced by defendant were well over ten years old at the time of trial, and the mother's more recent conviction for retail fraud was a misdemeanor, rendering the evidence inadmissible. See MRE 609(a)(1)(A) and (c). Moreover, even assuming the convictions were probative of her character for dishonesty, defendant was not prejudiced. The victim's mother did not testify that she saw the abuse. She merely explained how the family functioned during the relevant time frame, that the children disclosed the abuse to her, and that she eventually contacted the police. None of her testimony was integral to establishing the elements of the charged offenses. Moreover, the accuracy of her testimony was effectively challenged by defense counsel on cross-examination.

The victim's testimony provided the elements of the charged offenses, and it alone was sufficient for the jury to conclude that defendant was guilty of these crimes. See MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under [MCL 750.520b to 520g]."); *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010). Therefore, the mother's testimony, which corroborated the timeline of abuse provided by the victim, was not necessary to establish defendant's guilt.

Finally, defendant argues that the cumulative impact of the alleged errors by counsel prejudiced him. "Although one error in a case may not necessarily provide a basis for reversal, it is possible that the cumulative effect of a number of minor errors may add up to error requiring reversal." *People v Anderson*, 166 Mich App 455, 472-473; 421 NW2d 200 (1988). The term cumulative error "refers to cumulative unfair *prejudice*, and is properly considered in connection with issues of harmless error." *People v LeBlanc*, 465 Mich 575, 591-592 n 12; 640 NW2d 246 (2002). "[O]nly 'actual errors' are aggregated when reviewing a cumulative-error argument." *People v Gaines*, 306 Mich App 289, 310; 856 NW2d 222 (2014).

Because defendant's claims do not identify any objectively unreasonable performance by his trial counsel, his cumulative error argument necessarily fails.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Henry William Saad

-4-