PEOPLE v PRATT

Docket No. 228081. Submitted November 6, 2002, at Grand Rapids. Decided December 17, 2002, at 9:00 A.M. Leave to appeal sought.

Eddie J. Pratt was convicted by a jury in the Ottawa Circuit Court of receiving and concealing stolen property valued at more than $1,000, but less than $20,000, for taking his former girlfriend's automobile. The court, Calvin L. Bosman, J., sentenced the defendant as a fourth-offense habitual offender to three to fifteen years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. To establish that the defendant was guilty of the charged offense, the prosecution had to prove: the property was stolen; the value of the property met the statutory requirement; the defendant received, possessed, or concealed the property with the knowledge that the property was stolen; the identity of the property as being that previously stolen; and the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen.

2. There is no merit to the defendant's argument that property must have been taken by larceny in order for the property to be considered stolen under the receiving and concealing statute. For goods to be considered stolen under the statute, they need only be taken without permission or right. The defendant conceded that sufficient evidence was offered to permit a reasonable jury to conclude that he took his former girlfriend's automobile without her permission. Accordingly, the jury could have concluded that the automobile was stolen.

3. The defendant's assertion that the prosecution should have provided an appraiser's testimony regarding the automobile's value is without merit. An owner of an automobile is qualified to testify about the value of his property unless his valuation is based on personal or sentimental value. Here, the former girlfriend's father, who had purchased the automobile, testified regarding its value. There was no evidence to suggest that his perception of the automobile's value was based on personal or sentimental value.

4. Nothing in the record indicates that the defendant's sentence is outside the statutory guidelines. The defendant's challenge of his

sentence on the ground of proportionality cannot be considered inasmuch as the sentence falls within the guidelines.

5. The defendant's claim that he was denied the effective assistance of trial counsel is without merit, given that there are no errors apparent on the record and the defendant did not move for a hearing pursuant to *People v Ginther*, 390 Mich 436 (1973).

6. There is no merit to the defendant's claim that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise the issue of trial counsel's ineffective assistance. Appellate counsel's decision to winnow weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance. Furthermore, the defendant cannot show prejudice because he himself raised in the Court of Appeals the issue of trial counsel's alleged ineffectiveness.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Chief of Appeals, for the people.

*Peter J. Ellenson* for the defendant on appeal.

Before: MURPHY, P.J., and SAWYER and R.J. DANHOF*, JJ.

PER CURIAM. Defendant appeals as of right from his conviction of receiving and concealing stolen property valued at more than $1,000, but less than $20,000, MCL 750.535(3)(a). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to three- to fifteen-years' imprisonment. We affirm both defendant's conviction and sentence.

This case involved defendant's taking of his former girlfriend's 1990 Buick Regal. Defendant maintained that he borrowed the car from her, while his former

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

girlfriend testified that defendant took her car without permission. On appeal, defendant challenges the sufficiency of the evidence used to support his conviction. Evidence is sufficient to convict a defendant when a rational fact-finder could determine that the prosecutor proved every element of the crime charged beyond a reasonable doubt. *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999). To establish that defendant was guilty of the offense, the prosecution is required to prove: (1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen. *People v Quinn*, 219 Mich App 571, 574; 557 NW2d 151 (1996). Defendant takes issue with only two of the elements: first, defendant contends that there was no evidence presented that the car was stolen; and second, that there was insufficient evidence presented with respect to the value of the Buick.

With regard to whether the car was stolen, defendant asserts that there was no evidence presented that he intended to permanently deprive the owner of her car. Defendant's argument hinges on his assertion that for the property to be "stolen," it must have been taken by larceny and, thus, taken with the intent to permanently deprive the owner of possession. Defendant is correct that a larceny requires that the property must be taken with such an intent. See, e.g., *Cain, supra* at 119, citing *People v Goodchild*, 68 Mich App 226, 232; 242 NW2d 465 (1976) ("The feloni-

ous intent required for larceny, *animus furandi,* is an intent to permanently deprive the owner of his property."). However, we find that the statute concerns any property taken without permission, not only property taken by larceny.

MCL 750.535(3)(a) requires that a defendant must have possessed stolen goods. However, the statute does not define "stolen." In the absence of statutory definition of a term, this Court may consult dictionary definitions to determine the common meaning of a term. *People v Morey,* 461 Mich 325, 330; 603 NW2d 250 (1999). *Random House Webster's College Dictionary* (2000), defines "steal" as "to take (the property of another or others) without permission or right, esp. secretly or by force," and "to appropriate . . . without right or acknowledgement." For goods to be considered stolen under this definition, they need only be taken without permission or right; thus, "stolen" goods encompass a broader category than just goods taken by larceny. Defendant conceded that sufficient evidence was offered to permit a reasonable jury to conclude that he took the car without permission. Accordingly, the jury could have concluded that the car was "stolen" as that term is used in the statute.

Defendant also challenges whether sufficient evidence was admitted regarding the value of the Buick, contending that the prosecution should have been required to have the car appraised. Again, we disagree. With regard to a general valuation rule, at least in the context of the larceny statute, this Court, in *People v Johnson,* 133 Mich App 150, 153; 348 NW2d 716 (1984), stated:

> While the larceny statute itself does not provide a guide for determining the value of property which is the subject

> of a theft, case law supports the use of fair market value as the relevant standard when such a value exists. Generally, proof of value is determined by reference to the time and place of the offense. Value has been interpreted to mean the price that the item will bring on an open market between a willing buyer and seller. [Citations omitted.]

An owner of a car is qualified to testify about the value of his property unless his valuation is based on personal or sentimental value. *People v Watts*, 133 Mich App 80, 84; 348 NW2d 39 1984). The phrase "personal value" means subjective value to the owner, or a value that cannot be objectively substantiated. *People v Dyer*, 157 Mich App 606, 611; 403 NW2d 84 (1986). Here, the former girlfriend's father, who had purchased the car, testified about its value. There was no evidence admitted to suggest that his perception of the Buick's value was based on his personal or sentimental value; therefore, a jury could conclude that the car was valued at more than $1,000. Defendant's assertion that the prosecution should have provided an appraiser's testimony is without merit. Case law is clear that a prosecutor has the discretion to prove his case by whatever admissible evidence he chooses. See, e.g., *People v Fisher*, 449 Mich 441, 452; 537 NW2d 577 (1995). Because the prosecutor is under no obligation to present the evidence defendant feels appropriate, defendant's sufficiency of the evidence claim is without merit.

Defendant also argues that his sentence is disproportionate because it fails to consider either the seriousness of the offense or his rehabilitation. However, nothing in the record indicates that his sentence is outside the statutory guidelines. Under MCL 769.34(10), this Court may not consider challenges to

a sentence based exclusively on proportionality if the sentence falls within the guidelines. We therefore affirm defendant's sentence.

Defendant argues his trial counsel was ineffective for failing to fully investigate two incidents and to call two witnesses who, he maintains, would have corroborated his testimony. We disagree.

Because defendant did not move for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), this Court's review is limited to errors apparent on the record. *People v Knapp*, 244 Mich App 361, 385; 624 NW2d 227 (2001). Here, defendant merely represents that these witnesses would have testified as he states. However, other than defendant's statements, there is simply no showing that these witnesses exist or that their testimony would have benefited defendant had they been called. Thus, there are no errors apparent on the record. Therefore, defendant's argument that he was denied the effective assistance of trial counsel is without merit.

Defendant asserts that his appellate attorney was also ineffective for failing to raise an ineffective assistance of counsel claim against his trial attorney. The test for ineffective assistance of appellate counsel is the same as that for trial counsel. *People v Reed*, 198 Mich App 639, 646; 499 NW2d 441 (1993), aff'd 449 Mich 375; 535 NW2d 496 (1995). Our Supreme Court has stated that "appellate counsel's decision to winnow out weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance." 449 Mich 391. Furthermore, defendant's argument fails because he is unable to show any possible prejudice. Defendant himself argues that his trial counsel was ineffective; therefore, the issue was

presented to this Court, and appellate counsel's failure to do so was insignificant. *Id.*

Affirmed.