# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TIMOTHY ALAN FLANAGAN,

      Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 320472
Kalkaska Circuit Court
LC No. 13-003571-FH

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of receiving and concealing a stolen firearm, MCL 750.535b(2). Defendant was found not guilty of one count of larceny of a firearm, MCL 750.357b. He was sentenced to serve 60 days in jail. For the reasons explained below, we affirm.

## I. BACKGROUND

Defendant was accused of finding a loaded firearm in the bathroom of Glen's Market on May 20, 2013, taking the firearm and ammunition home, and storing them in a briefcase within a locked shed located on his property for approximately six weeks. A Michigan State Police officer testified that he lost his off-duty firearm on May 20, 2013, after using the Glens Market bathroom and reported it as missing. Police discovered the gun when they arrived at defendant's home to investigate an unrelated matter and asked his wife if there were any weapons in the household. According to the investigating officer, defendant's wife informed him that defendant had an unregistered pistol hidden in a wood shed. Defendant's wife also told him that defendant brought it home after stopping at Glens Market, that defendant had been keeping it for about two months, that defendant usually kept the briefcase in which it was stored locked, and that the firearm belonged to a police officer.[1] Defendant denied telling his wife the gun was a police gun

---

[1] Defendant's wife declined to testify a trial, exercising her spousal privilege. Before trial, defendant filed a motion to exclude her out-of-court statements as inadmissible hearsay, but the trial court ruled them admissible as statements against interest by an unavailable witness under MRE 804(b)(3).

because he believed police officers carried black guns, as opposed to nickel-plated guns. He testified that he found the gun in the Glens Market bathroom on top of a toilet-paper dispenser and removed it from the bathroom as a matter of public safety.

## II. ANALYSIS

On appeal, defendant claims that the trial court committed error warranting reversal by admitting his spouse's out-of-court statements. "The decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Fomby*, 300 Mich App 46, 48; 831 NW2d 887 (2013). "[P]reliminary questions of law, e.g., whether a rule of evidence or statute precludes admissibility of evidence," are reviewed de novo, but "it is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

Before trial, defendant moved to exclude his wife's statements to the investigating officer on the grounds that he would have no opportunity to confront them given her assertion of her spousal privilege, and that her statements were inadmissible hearsay. The court ruled that the statements were admissible because defendant's wife was an unavailable witness under MRE 804(a)(1), and because her statements were admissible under MRE 804(b)(3) as statements against her penal interests to the extent they tended to subject her to criminal liability as defendant's accomplice. The court did not address defendant's confrontation-clause argument.

Defendant first claims that the trial court erred by concluding that the statements were admissible under MRE 804(b)(3), which provides in pertinent part as follows:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> * * *
>
> (3) A statement which was at the time of its making . . . so far tended to subject the declarant to civil or criminal liability, . . . that a reasonable person in the position of the declarant would not have made the statement unless the person believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Defendant argues that his wife's statements tended to expose defendant to criminal liability, but not her, noting that she placed the blame squarely on defendant. But as the trial court correctly concluded, the wife's statements at a minimum tended to subject her to criminal liability for aiding and abetting the commission of the crime. See MCL 767.39. Her statements revealed that she knew defendant had the gun, that she knew it did not belong to defendant, and that she knew exactly where it was hidden on their property and how to access it. Thus, her statements tended to show that she knowingly aided and abetted the concealment of a stolen

firearm in violation of MCL 750.535b(2). The trial court did not err by concluding that MRE 804(b)(3) applied.

Defendant also asserts that the trial court's ruling deprived him of his constitutional right to confront witnesses against him. "The Confrontation Clause provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' " *People v Taylor*, 482 Mich 368, 375; 759 NW2d 361 (2008), quoting US Const, Am VI. In *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004), the United States Supreme Court held that testimonial hearsay is only admissible when the declarant is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine the declarant. In *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006), the Supreme Court held:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

Defendant argues that his wife's statements were testimonial because they were not made during an ongoing emergency, but were instead made to a police officer during an investigation of potential criminal activity. The prosecution does not deny either assertion. Nonstructural constitutional error is not a ground for reversal if the error was harmless beyond a reasonable doubt. *People v Willing*, 267 Mich App 208, 223; 704 NW2d 472 (2005).

Defendant was convicted under MCL 750.535b(2), which prohibits a person from receiving or concealing "a stolen firearm or stolen ammunition, knowing that the firearm or ammunition was stolen." The statements of defendant's wife at issue were largely identical to defendant's trial testimony on the subject. Both showed that defendant found a gun that did not belong to him, took it home, and stored it in a briefcase within a locked shed for multiple weeks. Defendant's wife merely added that defendant knew the gun belonged to a police officer (an assertion defendant denied) and that defendant normally kept the briefcase locked, both of which are irrelevant for purposes of MCL 750.535b(2). In light of defendant's testimony, which was far more damaging given his recollection of the date on which he took the gun and his testimony that he took and hid the gun and the ammunition, any error in the admission of the statements of defendant's wife was harmless beyond a reasonable doubt.

Next, defendant claims that reversal is warranted because there was insufficient evidence to sustain his conviction. This Court reviews sufficiency of the evidence issues de novo. *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). We review the evidence in the light most favorable to the prosecutor to determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowak*, 462 Mich 392, 400; 614 NW2d 78 (2000). Circumstantial evidence and reasonable

inferences arising therefrom can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

To convict defendant under MCL 750.535b(2), the prosecutor was required to prove beyond a reasonable doubt that defendant "(1) received, concealed, stored, bartered, sold, disposed of, pledged, or accepted as security for a loan (2) a stolen firearm or stolen ammunition (3) knowing that the firearm or ammunition was stolen." *People v Nutt*, 469 Mich 565, 593; 677 NW2d 1 (2004). Here, there was sufficient evidence to convict defendant under MCL 750.535b(2) based solely on his trial testimony, in which he admitted that he took possession of a firearm and ammunition at Glen's Market, that he knew the items did not belong to him and likely belonged to a "professional" of some kind, and that he concealed the firearm and ammunition in a briefcase within a locked shed on his property for a period of approximately six weeks. Further, defendant admitted that he believed the firearm was worth several hundred dollars.

Defendant asserts that his conviction cannot be sustained because the firearm was not "stolen," noting that the jury acquitted him of larceny in connection with the firearm. In *People v Pratt*, 254 Mich App 425, 428; 656 NW2d 866 (2002), the Court discussed the definition of "stolen" property under MCL 750.535:

> *Random House Webster's College Dictionary* (2000), defines "steal" as "to take (the property of another or others) without permission or right, esp. secretly or by force," and "to appropriate . . . without right or acknowledgement." For goods to be considered stolen under this definition, they need only be taken without permission or right; thus, "stolen" goods encompass a broader category than just goods taken by larceny. . . .

Under the *in pari materia* rule of statutory construction, see *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998), the definition set forth in *Pratt* is appropriate here. And given defendant's testimony that he knew the firearm belonged to someone else and that he took it without permission or right, sufficient evidence was presented to support his conviction under MCL 750.535b(2).[2]

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[2] The trial court did not define "stolen" for the jury.