# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ABDIAS ANTOINE,

        Defendant-Appellant.

UNPUBLISHED
June 25, 2015

No. 321058
Calhoun Circuit Court
LC No. 2011-003714-FC

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant, Abdias Antoine, appeals as of right his sentence following a jury conviction for assault with intent to murder, MCL 750.83. The trial court initially sentenced defendant to 23 years, 9 months to 40 years' imprisonment, but reduced his sentence to 16 to 40 years' imprisonment following this Court's remand for resentencing.[1] We affirm.

On appeal, defendant concedes that the sentence imposed at resentencing was within the guidelines range but claims that the sentence is nevertheless disproportionate. However, defendant's claim is unreviewable because this Court may not consider challenges to a sentence based exclusively on proportionality if the minimum sentence falls within the correctly calculated recommended minimum sentence range under the legislative guidelines. *People v Pratt*, 254 Mich App 425, 429-430; 656 NW2d 866 (2002).

Before January 1, 1999, sentencing decisions fell within the scope of discretionary judicial action. See *People v Milbourn*, 435 Mich 630, 634; 461 NW2d 1 (1990). A sentencing court abused its discretion when it prescribed a sentence disproportionate to the offense and the offender. *Id.* at 636. Defendant relies on *Milbourn*'s reasoning in challenging the proportionality of his sentence. However, following enactment of the legislative sentencing guidelines, MCL 777.1 *et seq.* (which apply to enumerated felonies committed on or after January 1, 1999), Michigan's sentencing guidelines now direct that this Court "shall affirm and shall not remand for resentencing" any sentence within the appropriate guidelines sentence range

---

[1] *People v Antoine*, unpublished opinion per curiam of the Court of Appeals, issued August 15, 2013 (Docket No. 310544).

"absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10); see also *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). This statutory change rendered *Milbourn* review unavailable. *People v Armisted*, 295 Mich App 32, 51-52; 811 NW2d 47 (2011).

Defendant's minimum sentence of 16 years (192 months) falls within his correctly calculated minimum legislative guidelines range of 135 to 225 months. MCL 777.62. Defendant asserts neither a scoring error nor inaccurate information, and we must therefore affirm his sentence under MCL 769.34(10). *Kimble*, 470 Mich at 310-311.

Affirmed.


/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto