*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SAHR RICHARDSON,

Defendant-Appellant.

UNPUBLISHED
May 9, 2019

No. 343232
Wayne Circuit Court
LC No. 17-008401-01-FH

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant, Sahr Richardson, appeals as of right his jury trial convictions of receiving and concealing a stolen motor vehicle, MCL 750.535(7), and domestic violence, MCL 750.81(2). Richardson was sentenced to two years' probation with the first 150 days in jail[1] for his receiving and concealing a stolen motor vehicle and domestic violence convictions. We affirm Richardson's convictions and sentences, but remand for the ministerial task of correcting errors in the trial court's order of conviction and sentence and order of probation.

## I. BACKGROUND

This matter arises from an altercation between Richardson and his girlfriend, with whom he had been residing for approximately a month before this incident occurred. The victim testified that she awoke in the early morning hours of November 9, 2016, to discover a neighbor standing over her bed. When she confronted Richardson about the intrusion, they "got into a[n] altercation," and "physically had a fight." The victim testified that Richardson grabbed her, pushed her on the bed, and punched her nose.

The next day, the victim was unable to find the keys to her house or car. Although her car was parked in her driveway when she left on an errand, it was gone by the time she returned.

---

[1] The trial court held Richardson's jail time in abeyance contingent upon proof of employment.

-1-

The victim testified that she called Richardson and he indicated he would return her car in exchange for $500 or $600. The victim explained that she tried to be nice to Richardson in order to get her car back and invited him over on November 11, 2016. Although she had no intention of paying him, the victim asked Richardson how much money he needed and went with Richardson and his friend to a bank branch inside a grocery store. The victim handed the bank teller a note asking the teller to call the police because Richardson was trying to exploit her. When Richardson was searched by responding police officers, they discovered the victim's car keys in his pocket. The victim testified that Richardson refused to disclose the actual location of her car, but Richardson's brother told her where it was parked approximately one week later.

Testifying in his own defense, Richardson indicated that the victim initiated the altercation by hitting him in the head with a picture frame and ranting about letting the neighbor in the house. Richardson also testified that he and the victim went to the bank because the victim was going to pay him for breaking the windows of one of his vehicles. Richardson agreed that he had the victim's keys in his pocket when he was searched at the grocery store, but explained that he carried her keys often. Richardson denied striking the victim or moving her car, which he maintained was in her driveway all along.

## II. OTHER-ACTS EVIDENCE

Richardson first argues that the trial court erred by excluding evidence of an alleged prior violent act of the victim under MRE 404(b). We disagree.

Before the defense called its first witness—the friend who drove Richardson and the victim to the grocery store—the prosecution objected to admission of testimony referring to an incident in which the victim allegedly struck Richardson with a frozen pork chop. The prosecution argued that the incident occurred approximately three and a half years ago and was, therefore, too remote in time. It further argued that the evidence was not admissible under MRE 608 because it did not implicate the victim's truthfulness or lack thereof. The trial court then questioned defense counsel as follows:

> *The Court*: How is that relevant to this?
>
> [*Defense Counsel*]: Well, that, it's not, it's not relevant to this.
>
> But he did—he [the witness] has known them for several years . . .
>
> *The Court*: Well, he can say he knows 'em—he, he can say he's known 'em for several years. That's fine.
>
> But we're not gonna talk about a pork chop, three and a half years ago.
>
> [*Defense Counsel*]: I understand that.
>
> *The Court*: It's not relevant by your own admission.

Defense counsel's concession that evidence of the other act was irrelevant amounts to a waiver of Richardson's claim of error arising from its exclusion. *People v McGraw*, 484 Mich 120, 138; 771 NW2d 655 (2009) (citation omitted) ("Waiver is the intentional relinquishment or abandonment of a known right."). Because waiver extinguishes the alleged error, it also forecloses appellate review. *Id*.

Further, to the extent that we would otherwise review this claim of evidentiary error, we would review it only for plain error affecting Richardson's substantial rights because the parties' discussion of admissibility under MRE 608 before the trial court did not preserve Richardson's current assertion that the evidence was admissible under MRE 404(b). See *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016) (concluding that opposition to the prosecution's objection on one ground does not preserve challenges to the trial court's ruling on other grounds). "To avoid forfeiture of an unpreserved, nonconstitutional plain error, the defendant bears the burden of establishing that: (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Richardson argues that the trial court erred by excluding the other-acts evidence "based solely on how long it had been since [the] event occurred." But it is apparent from the record that the trial court excluded the evidence because it was irrelevant and not because of the date on which the act allegedly occurred. Richardson has, therefore, failed to satisfy his burden under plain-error review because the record does not support the factual basis for his claim.

Under the heading of his argument concerning the admissibility of the other-acts evidence, Richardson also posits that his defense counsel's performance was deficient because counsel failed to adequately argue the admissibility of this evidence, which he now suggests might have supported a self-defense claim. This issue is not properly before this Court because it was not raised in Richardson's statement of questions presented. *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009), citing MCR 7.212(C)(5). And, even if Richardson had properly presented an ineffective assistance of counsel claim,[2] Richardson's suggestion that evidence of the victim's prior act would support a self-defense theory is without merit. Richardson testified that he did not strike the victim and did not know how she broke her nose. Given this denial, defense counsel could have strategically decided not to undercut Richardson's account by arguing that Richardson used force against the victim to defend himself.

---

[2] To prove ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52.

## III. SUFFICIENCY OF THE EVIDENCE

This Court reviews de novo a challenge to the sufficiency of the evidence, considering "the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014).

Richardson first argues that there was insufficient evidence to support his domestic violence conviction. We disagree.

The elements of domestic violence are "(1) the commission of an assault or assault and battery and (2) a dating relationship between the parties." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011). In challenging the sufficiency of the prosecution's evidence of domestic violence, Richardson points to testimony offered by the victim's son, indicating that Richardson and the victim were both hitting and throwing things at each other. Richardson also contends the victim "tried to down-play her aggressiveness" toward him while also admitting that she believed that he had been flirting with a neighbor. Therefore, Richardson contends that the victim's suspicions "would suggest she responded more aggressively towards Mr. Richardson than she admitted during her testimony."

A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted). An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*. (quotation marks and citation omitted). "Thus, every battery necessarily includes an assault because a battery is the very 'consummation of the assault.' " *Id*. (citation omitted). A defendant's intent may be inferred from his or her actions. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001).

The prosecution presented sufficient evidence to prove that Richardson committed an assault and battery against a person with whom he had a dating relationship. Both the victim and her son testified that Richardson pushed the victim and punched her nose with enough force to break it. This act constituted an unconsented and harmful touching from which a reasonable jury could find that Richardson assaulted and battered the victim. Although the victim's son testified that both Richardson and the victim were hitting one another, he also denied, in response to a juror's inquiry, that the victim struck first. Furthermore, the victim denied striking Richardson or throwing objects at him, and the jury was free to credit her testimony. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) ("[W]e will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses."). Regardless of how the fight started, the jury could conclude from the evidence that the prosecution established all the elements of domestic violence beyond a reasonable doubt.

Richardson next argues that there was insufficient evidence to support his conviction for receiving and concealing a stolen motor vehicle. We disagree.

In pertinent part, MCL 750.535(7) provides: "A person shall not buy, receive, possess, conceal, or aid in the concealment of a stolen motor vehicle knowing, or having reason to know or reason to believe, that the motor vehicle is stolen, embezzled, or converted." Richardson contends that there was no direct evidence that he took the victim's car although the police recovered the victim's car keys from him after he was arrested. But "[a] prosecutor need not present direct evidence of a defendant's guilt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). "Rather, '[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *Id*. (quotation marks and citation omitted; alteration in original). It was reasonable for the jury to infer that Richardson took the victim's car. The victim testified that she called Richardson after discovering that her car was missing and he told her that he would return it if she paid him $500 or $600. After Richardson's arrest, the police recovered the victim's car keys from Richardson's pocket. Richardson initially told the police the location of the car, but then stated that it was not there and refused to disclose its location. A week later the victim spoke with Richardson's brother who told her that the car was in a Big Lots parking lot. The victim went to that location and retrieved her car. Viewed in the light most favorable to the prosecution, there was sufficient circumstantial evidence that Richardson took the victim's car.

Richardson also contends that the prosecution did not establish that the car was stolen, as there was no evidence to show that he intended to keep the car. Instead, the victim testified that he offered to return the car in exchange for money. In *People v Pratt*, 254 Mich App 425, 426-427; 656 NW2d 866 (2002), the defendant was convicted of receiving and concealing stolen property under MCL 750.535(3) after his former girlfriend testified that he took her car without her permission, while he maintained that he borrowed the car from her. The defendant argued that there was no evidence that the car was stolen, or that he intended to permanently deprive his former girlfriend of her car. *Id*. at 427. This Court noted that the defendant's argument was based "on his assertion that for the property to be 'stolen,' it must have been taken by larceny and, thus, taken with the intent to permanently deprive the owner of possession." *Id*. This Court rejected the defendant's argument, reasoning that "the statute concerns any property taken without permission, not only property taken by larceny." *Id*. at 428. Citing a dictionary definition of "steal," this Court explained that for goods to be stolen, "they need only be taken without permission or right; thus, 'stolen' goods encompass a broader category than just goods taken by larceny." *Id*. In this case, there was evidence that Richardson took the victim's car without her permission. Therefore, as in *Pratt*, the jury could have concluded that the car was "stolen" for purposes of Richardson's receiving and concealing conviction. *Id*.

## IV. ERRORS IN THE LOWER COURT RECORD

Lastly, although not raised by the parties, we note that trial court's order of probation states that Richardson's term of probation relates not only to the two offenses of which he was convicted, but also interference with reporting of crime, MCL 750.483. The jury acquitted Richardson of that charge and, consequently, it should not be referenced in the order of probation. The trial court's order of conviction and sentence also contains errors, indicating that

Richardson was convicted by plea and misstating the offenses for which he was convicted. We therefore affirm Richardson's convictions and sentences, but remand this matter to the trial court for the ministerial task of amending its orders to accurately reflect Richardson's jury trial convictions. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica