*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIAN JOSEPH BELL,

Defendant-Appellant.

UNPUBLISHED
November 7, 2019

No. 344402
Wayne Circuit Court
LC No. 17-007020-01-FH

Before: M.J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of receiving and concealing stolen property valued between $1,000 and $20,000, MCL 750.535(3)(a). We vacate defendant's felony conviction because the prosecution failed to present any evidence of the value of the stolen property, and thus failed to establish an essential element of the crime.

## I. FACTUAL BACKGROUND

On the morning of July 22, 2017, Alex Koveleski discovered that the garage attached to his residence and his Ford F-150 truck had been broken into at some point during the previous night. A carpenter by trade, Koveleski stored various tools and equipment in his garage and truck. After a quick inspection, Koveleski discovered that his cell phone—an iPhone 6—as well as an assortment of his tools had been taken from both the truck and garage. Koveleski reported the incident to the local police department. Koveleski was also able to activate the "Find my iPhone" application on his phone, and that evening, Koveleski received two e-mails from the application informing him that the phone had been activated at an address in Garden City and then at a Metro PCS store in Westland. Koveleski passed this information on to police.

The next day, Officer Jennifer Giannola spoke with Metro PCS employee Mahmoud Ibraham. In response to Officer Giannola's inquiries, Ibraham informed Officer Giannola that defendant had visited the store the previous evening and attempted to sell an iPhone 6. When the phone displayed a message from the "Find my iPhone" application, Ibraham refused to purchase the phone and returned it to defendant. Ibraham provided a description of defendant to the police and later identified defendant out of a photographic lineup.

-1-

Defendant was arrested on the basis of Ibraham's identification and other information received during the police investigation, and in a search of defendant's vehicle, police discovered Koveleski's stolen phone. After being confronted with the evidence, defendant claimed to police he had received the phone from another individual as payment for drugs. Defendant admitted he knew the phone was stolen, but denied any involvement with the theft. The police investigation did not discover any evidence placing defendant at Koveleski's residence at the time of the theft; nor was any of Koveleski's stolen property—apart from the phone—discovered on defendant's person, in his car, or at his residence.

## II. STANDARD OF REVIEW

We review challenges to the sufficiency of the evidence de novo. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). "Evidence is sufficient to convict a defendant when a rational factfinder could determine that the prosecutor proved every element of the crime charged beyond a reasonable doubt." *People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002). Under this standard, a reviewing court "examine[s] the evidence in a light most favorable to the prosecution [and] resolv[es] all evidentiary conflicts in [the prosecution's] favor." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). A reviewing court is also required "to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). This deferential standard is applied to both direct and circumstantial evidence, as "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (citation and quotation marks omitted). Further, "[i]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight of those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Finally, questions of constitutional law are reviewed de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

## III. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence presented at trial from which a jury could have found defendant guilty of receiving and concealing stolen property valued at over $1,000 but less than $20,000. We agree.

For a defendant to be convicted of receiving and concealing stolen property, MCL 750.535(3)(a), the prosecution must prove:

> (1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen. [*Pratt*, 254 Mich App at 427.]

Defendant does not assert that he did not receive the stolen iPhone 6, or that he was unaware it was stolen. Rather, defendant asserts that the prosecution did not provide any evidence of the

stolen property's value at trial. This omission, argues defendant, leaves the second element of the crime—regarding the value of the stolen property—unproven.

It is axiomatic that "the prosecution is bound to prove the elements of the crime beyond any reasonable doubt." *Nowack*, 462 Mich at 400. Moreover, our Supreme Court has held that "[p]roof of value" of stolen goods is a necessary element of the crime of receiving stolen property. *People v Kamin*, 405 Mich 482, 496; 275 NW2d 777 (1979), overruled in part on other grounds by *People v Hendricks*, 446 Mich 435; 521 NW2d 546 (1994). Thus, in order to sustain a conviction under MCL 750.535(3)(a), the prosecution *must* demonstrate that the value of the alleged stolen property is between $1,000 and $20,000. In determining value, courts employ the fair market value test. *Pratt*, 254 Mich App at 428-429. Under the test, fair market value is "the price that the item will bring on an open market between a willing buyer and seller" at the time and place of the offense. *Id*. at 429 (quotation marks and citation omitted). The owner of the stolen property can provide testimony about the property's value, but the valuation cannot rely on "personal or sentimental value." *Id*. Rather, the valuation must be objective. *Id*.

In this case, there was no evidence—subjective or objective—to allow the jury to make a determination with respect to the value of any stolen property. At trial, Koveleski described the majority of his property in general terms, providing categories that the stolen property fit into— surveying tools, hand tools, personal tools, and tool pouches. The prosecution argues that the value of the property can be inferred from Koveleski's testimony about its type and use, however, we believe this goes beyond what a reasonable juror could infer.[1] Neither Koveleski nor any other witness presented evidence identifying specific tools or equipment that had been stolen, the stolen property's age or condition, the amount Koveleski paid to purchase the stolen property, the cost of replacing the stolen property, or even an estimation of the stolen property's value. The evidence simply did not identify any of the stolen tools or equipment with the specificity sufficient for a jury to infer a fair market value.[2]

---

[1] The prosecution argues defendant was connected to the entirety of Koveleski's stolen property through an aiding and abetting theory presented to the jury at trial. However, even under such a theory, the prosecution would have had to prove that "the crime charged was committed by . . . defendant or some other person," *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010) (citation omitted), which would require proof that the stolen property's value met the statutory requirements. Thus, regardless of the theory of the case, that there was no evidence of the value of any of the stolen property remains dispositive in this appeal.

[2] Koveleski authenticated a photograph showing tools *similar* to those stolen, but there was no evidence provided indicating in what way the tools were similar, or the fair market value of the similar tools. Similarly, in a police interview of defendant played for the jury, a police officer states a "Hilti machine" was among the stolen property. However, there is no evidence offered as to what model or type of "Hilti machine" was stolen, or its objective fair market value.

The only item of stolen property identified with any specificity—and the only piece of stolen property found in defendant's possession—was the iPhone 6, which Koveleski identified through authenticated photographs that, at the very least, showed the phone's age and condition. We note that, particularly given the prevalence of smartphones, one could reasonably infer that the phone at least had some value. Still, we conclude that there was not sufficient evidence to establish that the phone was valued at greater than $1,000. And, given that no specific findings with respect to the iPhone's value were made and no evidence was presented, we are not inclined to commandeer the role of the factfinder by holding that a conviction of a lesser included offense—stolen property valued at less than $1,000—may stand. To do so would require this Court to assign an arbitrary value to the phone where none was established at trial.

The standard for sufficiency is low, but the prosecution's failure to provide any evidence of fair market value with respect to any of the stolen items fails to meet it. To sustain a conviction, due process requires sufficient evidence to justify a finding of guilt beyond a reasonable doubt. *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). The prosecution failed to meet its burden of proving every element of the charged offense beyond a reasonable doubt, and in so doing, violated defendant's due-process rights. See *Nowack*, 462 Mich at 399-400 (discussing the prosecution's burden).

Defendant's conviction and sentence for receiving and concealing stolen property valued between $1,000 and $20,000 is vacated.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

-4-