*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID ANTONIO WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2025
9:35 AM

No. 364542
Wayne Circuit Court
LC No. 20-001788-01-FH

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant used the identification and credit card of another person to rent a vehicle and failed to return it. A jury convicted defendant of several crimes involving the rental, including obtaining property by false pretenses. Defendant appeals his convictions, claiming that there was insufficient evidence, he received ineffective assistance of counsel, and the prosecutor committed misconduct. We affirm.

## I. BACKGROUND

In January 2020, defendant rented a vehicle using the credit card and driver's license of Robert Borgert. The Enterprise employee, Marisa Demos, who helped defendant with the transaction, did not believe that the driver's license looked legitimate because of the coloring and font. She was able, however, to scan the license into the computer, which populated the information from the license into the rental agreement. The process of renting out a vehicle did not require Demos to copy the front of the driver's license. Defendant executed the rental agreement and took the vehicle, with no additional drivers authorized. When defendant did not return the vehicle, and Enterprise could not reach anyone about it, Enterprise reported the vehicle as stolen.

Several weeks later, Officer Emily Perkins pulled over defendant for a traffic violation. Officer Perkins learned that the vehicle had been stolen and ultimately arrested defendant. Officer Perkins searched defendant for identifying documents, but did not find any, and defendant refused to identify himself. Demos subsequently identified defendant in a photo lineup as the customer who rented the vehicle in Borgert's name. In an interview, defendant told Officer Chris Powell

-1-

that he had borrowed the vehicle from a friend named "Jay." Defendant did not provide further information about "Jay."

Defendant was charged with obtaining property with false pretenses, MCL 750.218(5)(a); receiving and concealing stolen property valued over $20,000, MCL 750.535(2)(a); forgery of a driver's license with the intent to aid in the commission of an offense punishable for 10 or more years, MCL 257.310(7)(a); using a computer to commit a crime, MCL 752.796; and identity theft, MCL 445.65. Defendant was arraigned and waived the preliminary examination. Defendant was subsequently arraigned on the felony information and went to trial on the charges.

At trial, Demos did not remember the name on the driver's license that defendant provided. The prosecutor refreshed Demos's memory with the rental agreement for the at-issue vehicle, and Demos testified that she had rented it in Borgert's name. Demos explained that, when someone was renting a vehicle, the driver's license and credit card had to have matching names, so Borgert's name was on both the driver's license and the credit card that defendant used. Demos identified defendant as the person who rented the vehicle in Borgert's name. Demos testified that the value of the vehicle was about $25,000. Demos also explained that a person renting a vehicle would sign the rental agreement on a digital tablet device.

On cross-examination, Demos testified that only one person was involved in renting the vehicle. Defense counsel asked if Demos had provided camera footage to the police, and Demos answered that she did not remember. Defense counsel presented Demos with defendant's identification, and Demos stated that she did not remember if it was the same identification that she received when renting out the vehicle. Demos testified that defendant had also shown her a "temporary permit" for trucking, and the name on the permit and license matched.

Officer Perkins testified that she pulled over defendant for a traffic violation, and dispatch told her that the vehicle had been stolen. Officer Perkins explained that this escalated the situation from a ticketable offense to what "can be considered a dangerous felony," which could sometimes result in a violent situation and changed how she conducted the stop. Officer Perkins testified that she had to ask defendant many times before he followed instructions like turning off the vehicle and dropping the keys out of the window. Officer Perkins and another officer asked defendant to get out of the vehicle, several times, before they pulled defendant out of the vehicle. Defendant made threatening statements and refused to identify himself.

During Officer Powell's testimony, the prosecutor introduced Borgert's driver's license picture from the Michigan Secretary of State Law Enforcement database, which did not show defendant. When the prosecutor moved to admit the exhibit, defense counsel stated, "No objection." Officer Powell explained that before questioning a suspect, he would look up a person's history, including prior arrests. Officer Powell testified that defendant did not ask to have "Jay" speak with the officers to clear up the situation. The prosecutor also showed Officer Powell defendant's identification and commercial driver's license permit. Officer Powell testified that the identification had expired in 2018, and the permit had been applied for in July 2022, so defendant would not have had them in January 2020.

On cross-examination, defense counsel asked Officer Powell if he had ever spoken with Borgert. Officer Powell testified that he had and that Borgert had reported being the victim of

identity theft in November 2019. The Enterprise video surveillance had been overwritten by the time Officer Powell was investigating. Officer Powell never saw a driver's license with Borgert's name and defendant's picture on it.

After the prosecutor rested, the defense rested without calling any witnesses. Defendant stated that trial counsel had advised him of his rights about testifying, and he told the trial court that it was his decision not to testify. Trial counsel subsequently moved for a directed verdict, which the trial court denied.

In closing, defense counsel argued that the "story [was] missing pieces." Defense counsel argued that it was "hard to believe that a rent a car company doesn't keep a copy or some kind of a trace of your ID when you conduct[] business." Further, defense counsel emphasized that Demos repeatedly stated, "I don't remember" in response to his questions. Defense counsel argued that the officer testimony about the arrest "was not incorrect, but it was there to confuse" the jury because it "ha[d] nothing to do with the crime alleged." He questioned why Borgert did not testify and suggested that Demos may have feared losing her job for renting out the vehicle.

In rebuttal, the prosecutor argued that defense counsel wanted the jury to believe things about Demos for which there was no supporting evidence. The prosecutor pointed out that Demos testified under oath and that she did not "look like a liar," but, instead, "looked credible." The jury found defendant guilty of all charges.

Defendant moved for acquittal, an evidentiary hearing, or a new trial, arguing that his convictions were against the great weight of the evidence. Further, defendant argued that he was deprived of effective assistance of counsel. Defendant asserted that video evidence would have shown that he was accompanied by another individual during the rental process who "pretended to be" Borgert. Additionally, defendant stated that defense counsel was difficult to reach, but that, after waiving the preliminary examination, defense counsel informed him, over the phone, that prosecutors added four additional counts. The trial court denied defendant's motion.

Defendant now appeals.

II. ANALYSIS

A. GREAT WEIGHT AND SUFFICIENCY OF THE EVIDENCE

First, defendant argues that his convictions were against the great weight of the evidence and that there was insufficient evidence to support the convictions. Defendant also raises sufficiency of the evidence in a Standard 4 brief.

This Court reviews for an abuse of discretion a trial court's decision on a motion regarding the great weight of the evidence. *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009). "A trial court abuses its discretion when it selects an outcome that is not within the range of reasonable and principled outcomes." *Id*.

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d

-3-

800 (2003). Issues of witness credibility are for the trier of fact and are generally insufficient to warrant a new trial. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "The hurdle that a judge must clear in order to overrule a jury and grant a new trial is unquestionably among the highest in our law." *Id*. (cleaned up).

Further, we review de novo challenges to the sufficiency of the evidence. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "This Court must determine whether the evidence was sufficient to justify a rational trier of fact's conclusion that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. We "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2 559 (2018) (cleaned up).

To establish false pretenses of at least $20,000 but less than $50,000, the prosecutor was required to prove that defendant, "with the intent to defraud or cheat ma[de] or use[d] a false pretense," to obtain "money or personal property or the use of any instrument, facility, article, or other valuable thing or service," and that the property had a value of $20,000 or more, but less than $50,000. MCL 750.218(1)(c) and (5)(a).

When defendant provided the license, Demos thought that it appeared suspicious. In a photo lineup, and at trial, Demos identified defendant as the customer who rented the vehicle. Demos's testimony established that defendant used the false pretense that he was Borgert to rent the vehicle. "A false pretense does not have to be expressed in words, but may be accomplished by an act." *People v Reigle*, 223 Mich App 34, 39; 566 NW2d 21 (1997). Defendant's use of identification and a credit card with Borgert's name on them to rent the vehicle established defendant's intention to defraud Enterprise, and Enterprise relied on the false pretense to rent the vehicle to defendant. Although defendant argues that Demos did not remember the name on the license or credit card at the time of trial, her memory was refreshed with the rental agreement. Demos's testimony was not so unreliable that it was deprived of all probative value. See *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998). Defendant argues that we cannot assume that there was a false pretense, but Demos's identification of defendant as the person who rented the vehicle, using Borgert's information, is more than an assumption. Additionally, Demos testified that the vehicle was worth about $25,000. Accordingly, defendant's conviction for false pretenses was not against the great weight of the evidence. Similarly, there was sufficient evidence to justify a rational trier of fact's conclusion that the evidence proved each element beyond a reasonable doubt. See *Solloway*, 316 Mich App at 180.

Next, to establish a conviction of receiving and concealing stolen property valued at more than $20,000, under MCL 750.535, the prosecutor was required to prove that (1) the property was stolen; (2) the property had a value of $20,000 or more; (3) defendant received, possessed, or concealed the property; (4) and defendant had actual or constructive knowledge that the property was stolen. *People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002).

Defendant argues that there was no evidence that he or anyone else meant to deprive the owner of the vehicle permanently and that larceny is a specific-intent crime, requiring the prosecutor to prove that defendant intended to steal or deprive a person of his or her property permanently. This Court held in *Pratt*, 254 Mich App at 428, that "stolen goods" under MCL 750.535 concern any property taken without permission or right, not only property taken by

larceny. Defendant took the vehicle without permission because the rental agreement was purportedly between Borgert and Enterprise, not between defendant and Enterprise. The vehicle was, accordingly, stolen for purposes of MCL 750.535. The vehicle had a value of $20,000 or more, defendant possessed it with knowledge that he did not have permission to possess it because he knew that he was not Borgert, and defendant had actual knowledge that the property was stolen. Therefore, this Court cannot conclude that defendant's conviction was against the great weight of the evidence. Further, there was sufficient evidence to support the conviction.

As to defendant's forgery conviction, MCL 257.310(7)(a) prohibits a person from reproducing, altering, counterfeiting, forging, duplicating, or using an altered driver's license to commit a crime punishable by imprisonment for more than 10 years. Although Enterprise could not produce a copy of the license used, Demos testified that she questioned the authenticity of the license and that defendant was the customer who rented the vehicle with Borgert's identification. Further, the scanned license populated Borgert's information.

Additionally, the prosecutor offered into evidence a driver's license printout showing a picture of Borgert. Defendant argues on appeal that this printout was hearsay. Hearsay is a statement not made by a declarant while testifying at the current trial or hearing, offered into evidence to prove the truth of the matter asserted. MRE 801(c).[1] Hearsay is not admissible unless the rules of evidence provide otherwise. MRE 802. Defendant raised this issue in his motion for a new trial. At trial, however, when the prosecutor moved to admit the exhibit, trial counsel responded that he had no objection. Accordingly, defendant waived this claim of error by not objecting at trial. See *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011).

Regardless, as the prosecutor argues on appeal, had trial counsel objected at the time, the printout was admissible under MRE 803(8), which provides for the admission of public records. Accordingly, defendant's conviction of forgery was not against the great weight of the evidence. Likewise, there was sufficient evidence to support the conviction.

Defendant's conviction of using a computer to commit a crime was also not against the great weight of the evidence. MCL 752.796 prohibits a person from using a "computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime." The underlying crime in this case was false pretenses between $20,000 and $50,000. Demos testified that defendant handed her Borgert's driver's license, which she scanned into a computer, and Enterprise's program populated the rental agreement with Borgert's information. Defendant placed a signature on an electronic tablet. Accordingly, his conviction was not against the great weight of the evidence and was supported by sufficient evidence.

Next, as to defendant's identity-fraud conviction, MCL 445.65 provides in relevant part:

(1) A person shall not do any of the following:

---

[1] The Michigan Rules of Evidence were amended after this trial, but the substance of the relevant rules remains the same.

(a) With intent to defraud or violate the law, use or attempt to use the personal identifying information of another person to do either of the following:

(*i*) Obtain credit, goods, services, money, property, a vital record, a confidential telephone record, medical records or information, or employment.

Defendant argues that his conviction of identity theft must be overturned because Borgert did not testify at trial. Defendant is correct that Borgert did not testify, but Demos's testimony established that defendant provided Borgert's personal-identifying information. Defendant signed the rental agreement. This evidence was sufficient to prove that defendant used Borgert's information to obtain the vehicle by defrauding Enterprise. Borgert's testimony was unnecessary to establish the elements. Therefore, defendant's conviction for identity fraud was not against the great weight of the evidence and there was sufficient evidence to support it.

Finally, defendant objects to Officer Perkins's description of defendant's arrest, and argues that the vehicle had a push-start, and no keys, contrary to Officer Perkins's testimony. Defendant does not, however, articulate how this testimony demonstrates insufficiency of evidence or that the convictions were against the great weight of the evidence requiring reversal.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that he was denied the effective assistance of counsel. Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App at 187.

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Defendant argues that he was limited in his ability to defend against the allegations because trial counsel advised him to waive his preliminary examination, but defendant has not demonstrated how waiving the examination deprived him of such an ability. "Although a preliminary examination may assist in fulfilling the constitutional requirement that the accused be informed of the nature of the charge, the primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the

defendant committed it." *People v McGee*, 258 Mich App 683, 696; 672 NW2d 191 (2003) (cleaned up). This case was not an overly complicated trial, involving the testimony of only four witnesses and a few exhibits. There is no basis to find that a preliminary examination would have better informed defendant of the charges or evidence against him. Because defendant was found guilty beyond a reasonable doubt by a jury, this Court can conclude that defendant would have been bound over after a preliminary examination on the basis of probable cause. See *id*. at 698.

Defendant also argues that trial counsel failed to inform him of the charges against him. Defendant was properly arraigned, however, on all five charges, both when originally charged and after the bindover to circuit court. Further, in his motion for a new trial, defendant asserted that trial counsel informed him that prosecutors added four counts in addition to the count of concealing stolen property. The original charges against defendant had not been amended, but, regardless, defendant's statement shows that at some point, he and trial counsel discussed the charges. Moreover, defendant does not specify how he was prejudiced by his attorney purportedly failing to inform him of the charges against him.

Further, defendant contends that trial counsel failed to communicate with him to prepare a sound trial strategy. Defendant asserted with his motion for a new trial that trial counsel was difficult to reach leading up to trial. A review of the record shows that trial counsel was prepared for trial, cross-examined the witnesses, and effectively argued defendant's case. See *People v Payne*, 285 Mich App 181, 189-190; 774 NW2d 714 (2009). Defendant also stated at trial that it was his choice not to testify and that trial counsel had informed him of his rights. We cannot conclude that trial counsel's performance fell below an objective standard of reasonableness or that any deficiency prejudiced defendant.

Defendant argues that defense counsel failed to provide evidence that there was a second person with defendant who pretended to be Borgert. First, beyond his assertion, defendant fails to provide any evidence that another person was at the rental agency. A "defendant has the burden of establishing the factual predicate for his claim." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Demos specifically testified that defendant was alone. Although defendant contests Demos's testimony, defendant has not raised sufficient doubt that her testimony was false. Second, defendant's claim that a second person pretended to be Borgert supports the jury's finding that a person improperly used Borgert's identity to rent the vehicle. Defendant has not identified the alleged second person who rented the vehicle in which defendant was found. Further, defendant has not provided any evidence, beyond his assertion, that he paid for the vehicle, and Demos testified that the name on the identification and credit card used for the rental would have matched. Likewise, defendant claims that he was added as an additional driver, but the rental agreement shows that there were no additional drivers.

Next, defendant argues that defense counsel failed to object to "knowingly false information." Again, defendant points to another person being present during the transaction, but this is not demonstrated in the record. Further, defendant does not specify to what "false" testimony defense counsel should have objected; our review of the relevant testimony confirms that defense counsel properly cross-examined the witnesses and argued against their evidence in closing.

Similarly, defendant contends that defense counsel failed to object to hearsay evidence and assisted the prosecution in establishing its case during cross-examination. Defense counsel asked Officer Powell about speaking with Borgert, which elicited the testimony that Borgert reported that his identity had been stolen. Borgert did not testify at trial, and this testimony was hearsay. See MRE 801. The testimony was also relevant, see MRE 401, and likely prejudicial to defendant. The prosecutor does not appear to have attempted to introduce this information at trial, so we cannot know if the prosecutor would have argued that the evidence fell under any hearsay exceptions. Although the prosecutor argues on appeal that defense counsel's questioning choices are a matter of trial strategy, "a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

Even if defense counsel's questioning that resulted in evidence purportedly from Borgert, who was not present at trial, fell below an objective standard of professional reasonableness, there is no basis to find that this brief questioning was reasonably likely to have changed the outcome of the proceeding. *Jordan*, 275 Mich App at 667. Borgert's testimony was not required for the jury to find that defendant used false pretenses, with a forged license, to rent the vehicle, or any element of any offense. Defendant himself admitted in his motion for a new trial and on appeal that *somebody* used Borgert's information to rent the vehicle. Demos, however, specifically testified that nobody was with defendant, and defendant was found with the vehicle.

Defendant additionally argues that defense counsel was ineffective for failing to object to Officer Perkins's testimony about the arrest that alluded to defendant being dangerous and to improper bad-acts testimony from Officer Powell. Officer Perkins testified in general about how a felony stop differs from a basic traffic stop and can be more dangerous. She also testified specifically about how defendant was uncooperative and threatening. Officer Powell testified in general about how he would look at prior arrests and the history of suspects before interviewing them, but did not specifically testify about defendant's history. This testimony was not improper and an objection would have been futile. Accordingly, defense counsel's failure to object was not unreasonable. See *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). Therefore, defendant has not established ineffective assistance of counsel.

## C. PROSECUTORIAL MISCONDUCT

Finally, in his Standard 4 brief, defendant includes the issue of prosecutorial misconduct in his statement of questions presented. In his discussion section, however, defendant only presented arguments challenging the sufficiency of the evidence and ineffective assistance of counsel. "Where a defendant raises an issue in his statement of questions presented but fails to argue the merits in his brief, the issue is abandoned." *People v Coy*, 258 Mich App 1, 19-20; 669 NW2d 831 (2003). Moreover, defendant did not object to the challenged remarks at trial or request a curative instruction. Therefore, this issue is unpreserved. See *People v Evans*, 335 Mich App 76, 88; 966 NW2d 402 (2020).

Because defendant presented some arguments regarding prosecutorial misconduct in his extremely long first statement of questions presented, however, we will address those arguments. To succeed on this unpreserved claim, defendant must show that an error occurred, the error was clear or obvious, and the error affected substantial rights. *Id*. Reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or the error seriously

affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 89. This Court will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured with a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

"We review claims of prosecutorial misconduct case by case, examining the remarks in context, to determine whether the defendant received a fair and impartial trial." *Id*. The determining question is whether a defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutors are generally "free to argue the evidence and all reasonable inferences arising from the evidence as it relates to their theory of the case." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (cleaned up).

Defendant argues that the prosecutor asserted in closing that Demos testified that defendant presented her with a driver's license with defendant's photograph and Borgert's name, but that this was not supported by the evidence adduced at trial. Demos, however, testified that defendant presented her with a driver's license that did not look like a usual license, but which populated Borgert's information when scanned. Demos also identified defendant as the customer who rented the vehicle with Borgert's identifying information and credit card. The prosecutor additionally entered into evidence a printout showing Borgert's official driver's license photograph. This evidence supported the prosecutor's arguments that he had established the elements of the offenses.

Defendant also argues that the prosecutor improperly vouched for Demos's credibility. A prosecutor may not vouch for a witness's credibility by implying that the prosecutor has special knowledge of the witness's truthfulness. *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). A prosecutor may, however, comment on a witness's credibility during closing argument. *Id*.

During rebuttal, the prosecutor responded to defense counsel's arguments that Demos fabricated a story and that Demos's testimony was generally unreliable. It was not improper for the prosecutor to argue that defense counsel's theory was unsupported by any evidence. It was also not improper for the prosecutor to argue that Demos did not appear to be a liar, but, instead, seemed credible based on the record before the jury. Likewise, it was not improper for the prosecutor to note that Demos admitted when she did not know the answer to a question. Considering these statements in context of, and in response to, defense counsel's arguments, the prosecutor's arguments did not insinuate that he had special knowledge of Demos's truthfulness. The prosecutor's statements did not deprive defendant of a fair and impartial trial. See *Dobek*, 274 Mich App at 63.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron